OPINION OF THE COURT
 

 Levine, J.
 

 Claimant Benjamin Alston and 102 similarly situated parole officers appeal from an Appellate Division order affirming the dismissal of their claims against the State for purported violations of the Fair Labor Standards Act of 1938 (29 USC § 201
 
 et seq.
 
 [FLSA]). The dismissal was predicated on the claimants’ failure to file their claims within six months after accrual
 
 (see,
 
 Court of Claims Act § 10 [4]). The issue before us is whether, under the terms of the waiver of sovereign immunity found in Court of Claims Act § 8, the State retained its immunity as to these claims because claimants failed to comply with the time limitations set forth in Court of Claims Act § 10 (4), upon which the waiver was conditioned. We conclude that the State retained its immunity.
 

 In 1991, claimants brought an FLSA action against the State in Federal court, seeking to recover for overtime allegedly
 
 *161
 
 worked during 1989 and 1990. In 1997, the United States District Court for the Northern District of New York dismissed the action based upon
 
 Seminole Tribe of Fla. v Florida
 
 (517 US 44), which held that Congress lacked power under article I of the Federal Constitution to abrogate the states’ Eleventh Amendment sovereign immunity from suits commenced or prosecuted in Federal courts. Claimants appealed to the United States Court of Appeals for the Second Circuit, but the parties agreed to a voluntary dismissal following that court’s ruling against other claimants in a similar case.
 

 In 1998, claimants filed this proceeding in the Court of Claims, asserting the same causes of action previously alleged in their Federal action. The State moved to dismiss the claims on the ground that the Court of Claims lacked subject matter jurisdiction because of claimants’ failure to file timely their claims as required by section 10 (4). The Court of Claims granted the State’s motion and dismissed the claims. Relying on
 
 Alden v Maine
 
 (527 US 706), the Appellate Division affirmed, concluding that “when New York waived its immunity subject to a six-month Statute of Limitations for FLSA claims brought against it
 
 (see,
 
 Court of Claims Act § 10 [4]), such limitation could not be overridden by the article I powers delegated to Congress, whereby a two or three-year Statute of Limitations was created for FLSA claims” (281 AD2d 741, 742). We granted leave to appeal and now affirm.
 

 At common law, the doctrine of sovereign immunity generally shielded a state from suit absent its consent
 
 (see, Brown v State of New York,
 
 89 NY2d 172, 179). In
 
 Alden v Maine,
 
 the Supreme Court of the United States found that State sovereign immunity is “implicit in the constitutional design” (527 US 706, 730). The
 
 Alden
 
 Court went on to decree: “In light of history, practice, precedent, and the structure of the Constitution, we hold that the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by Article I legislation”
 
 (id.,
 
 at 754). The Court affirmed the dismissal of the petitioners’ state court FLSA action because Maine had not waived its sovereign immunity with respect to those claims.
 

 Claimants maintain that their case is distinguishable from
 
 Alden
 
 because, unlike the State of Maine, New York’s waiver of immunity to suit in its own courts includes FLSA claims brought against the State
 
 (see,
 
 Court of Claims Act § 8). Therefore, claimants urge, this case should be governed by the principles enunciated in
 
 Felder v Casey
 
 (487 US 131) and ap
 
 *162
 
 plied by the Third Department in
 
 Ahern v State of New York
 
 (244 AD2d 7).
 

 In
 
 Felder,
 
 the Supreme Court held that Wisconsin’s notice of claim statute did not apply to claims brought under 42 USC § 1983 against the City of Milwaukee and certain of its police officers. The Court noted that because of the supremacy of Federal law, “where state courts entertain a federally created cause of action, the ‘federal right cannot be defeated by the forms of local practice’ ”
 
 (Felder, supra,
 
 487 US, at 138 [quoting
 
 Brown v Western Ry. of Ala.,
 
 338 US 294, 296]). Citing
 
 Felder,
 
 the Appellate Division in
 
 Ahern
 
 held that FLSA claims against the State were governed by the Federal Statute of Limitations applicable to such claims and that the State was not entitled to sovereign immunity based on the claimants’ failure to satisfy the six-month limitations period specified in Court of Claims Act § 10 (4).
 

 Felder
 
 is distinguishable in at least two crucial respects. First, the Supreme Court did not address the issue of a state’s sovereign immunity in that case because, unlike states, municipal corporations, including the city defendant in
 
 Felder,
 
 are not entitled to sovereign immunity
 
 (see, Will v Michigan Dept. of State Police,
 
 491 US 58, 70;
 
 see also, Alden v Maine, supra,
 
 527 US, at 740, 756;
 
 Lincoln County v Luning,
 
 133 US 529, 530). More importantly,
 
 Felder
 
 involved claims brought under 42 USC § 1983, which, as claimants concede, “was enacted by Congress under § 5 of the Fourteenth Amendment”
 
 (Quern v Jordan,
 
 440 US 332, 351 n 3 [Brennan, J., concurring];
 
 see generally, Lugar v Edmondson Oil Co.,
 
 457 US 922, 934). The Supreme Court has held “that in adopting the Fourteenth Amendment, the people required the States to surrender a portion of the sovereignty that had been preserved to them by the original Constitution, so that Congress
 
 may
 
 authorize private suits against nonconsenting States pursuant to its § 5 enforcement power”
 
 (Alden v Maine, supra,
 
 527 US, at 756 [citing
 
 Fitzpatrick v Bitzer,
 
 427 US 445, 456; emphasis supplied]). By contrast, Congress
 
 may not
 
 abrogate the states’ sovereign immunity through article I legislation, such as the FLSA
 
 (see, id.,
 
 at 754). We therefore agree with the Third Department’s conclusion that
 
 Alden
 
 has effectively overruled its decision in
 
 Ahern (see, Bergmann v State of New York,
 
 281 AD2d 731, 732-733).
 

 We conclude that, here, the State has indeed retained its sovereign immunity. Section 8 of the Court of Claims Act, enacted in 1939 (L 1939, ch 860), provides:
 

 
 *163
 
 “The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations,
 
 provided the claimant complies with the limitations of this article”
 
 (emphasis supplied).
 

 Thus, the State’s waiver of sovereign immunity was not absolute, but was conditioned upon a claimant’s compliance with the limitations on the waiver, including the relevant filing deadlines. Article II, section 10 of the Court of Claims Act could not be any clearer in conditioning the waiver of sovereign immunity on compliance with the time limitations for filing claims it sets forth. It states that
 
 “fnjo judgment shall he granted
 
 in favor of any claimant unless such claimant shall have complied” with the time limitations established in that section (emphasis supplied). This is fully consistent with the legislative history of the statute
 
 (see,
 
 Statement in Support, Bill Jacket, L 1939, ch 860, at 27 [“(t)he waiver (of immunity) is conditioned * * * upon the claimant’s complying with the limitations contained in Article II, which confers jurisdiction upon the Court”];
 
 see also,
 
 Davison, Claims Against the State of New York ch 19, at 152 [“Waiver of the State’s Immunity is Conditional.”]).
 

 In
 
 Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.
 
 (93 NY2d 375), we explicitly recognized that a waiver of sovereign immunity
 
 can
 
 be conditioned upon compliance with a particular time requirement. In that case, the State not only consented to suits against the Port Authority of New York and New Jersey but “also expressly incorporated within the [same] act a requirement of timely suit as an integral part of its waiver of sovereign immunity”
 
 (id.,
 
 at 379 [citations omitted]). We determined that the “legislative intent to condition the waiver of sovereign immunity with respect to the Port Authority on timely suit could not be more clear” because the statute allowed an action against the Port Authority only “
 
 ‘upon the condition
 
 that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year’ ”
 
 (id.
 
 [quoting McKinney’s Uncons Laws of NY § 7107 (L 1950, ch 301, § 7)]). The language and legislative history of Court of Claims Act § 8 similarly compel the conclusion that the Legislature incorporated as an integral part of its waiver of immunity the requirement that claims be filed within the time limits imposed under Court of Claims Act § 10 (4).
 

 
 *164
 
 Contrary to claimants’ position, the fact that New York has conditioned its waiver of sovereign immunity on the timely filing of claims does not distinguish this case from
 
 Alden v Maine.
 
 Indeed, nothing in
 
 Alden
 
 suggests that a waiver of sovereign immunity must be absolute, unconditional and applicable in all situations. Therefore, because claimants failed to file their claims in the Court of Claims within six months after their accrual (see, Court of Claims Act § 10 [4]), and did not timely seek relief from the court under Court of Claims Act § 10 (6), the State was entitled to dismissal of these claims on sovereign immunity grounds.
 

 Claimants’ remaining arguments lack merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs.