OPINION OF THE COURT
Terry Jane Ruderman, J.
Defendant brings the instant motion to dismiss claim No. 105774 on the basis of, inter alia, lack of jurisdiction. Specifically, defendant argues that the federal constitutional claims warrant dismissal because this court lacks subject matter jurisdiction over those claims and that the state constitutional claims warrant dismissal because a state constitutional claim should not be implied on the facts herein. Defendant also argues that any common-law claims are untimely.
Notice of Intention
A notice of intention was served upon the Attorney General’s office on June 22, 1999. It alleged that on March 27, 1999, at about 12:30 a.m., claimant was “driving westbound along *33 highway 287 toward the New York State Thruway for approximately five minutes” with a coworker passenger when New York State Troopers Allen and Morgan directed claimant to pull over to the side of the road (defendant’s exhibit A to motion). The notice of intention further alleged the following. The troopers told claimant he was pulled over because of smoke emanating from his exhaust pipe. Upon noticing that claimant’s 10-day temporary inspection sticker had expired, claimant was ticketed for the violation. Claimant consented to a search of his person for weapons or contraband; nothing was found. Claimant did not consent to the subsequent search of his vehicle, wherein the driver’s door was pulled apart. Claimant was allegedly detained for one hour and 20 minutes before being permitted to leave.
Approximately three minutes later, the troopers again directed claimant to the side of the road; this time due to a windshield obstruction by an air freshener hanging from claimant’s rearview mirror. The troopers inquired of claimant as to the contents of his car’s trunk and then allegedly proceeded, without claimant’s consent, to search the driver’s door and under the dashboard. New York State Trooper Sergeant Stamps then arrived and purportedly searched claimant’s person without his consent. The search was not fruitful and Stamps asked claimant about the trunk’s contents. Claimant did not consent to a search of the trunk. Stamps purportedly told claimant that he would be handcuffed if he did not agree to open the trunk. Stamps then allegedly cuffed claimant and claimant offered to use a screwdriver to open the trunk because the cylinder lock was not functioning. The troopers searched the trunk and “threw items including [claimant’s] guitar from the trunk of the car onto the road” and then replaced the items in the trunk {id. 2). After having been detained for a total of approximately 60 minutes for the second stop, claimant was permitted to leave.
The notice of intention alleged:
“[t]he claimant has been damaged as follows: (1) he and his property were subjected to unreasonable searches and seizures and he seeks $15,000 to compensate for this injury; (2) he was falsely imprisoned and he seeks $15,000 to compensate for this injury; (3) he suffered pain and suffering from assault and battery caused by the unjustified handcuffing and he seeks $15,000 to compensate for this injury; (4) he suffered from the intentional *34 injury to property including damage to his car door, dashboard, armrest and guitar and he seeks $2,100 to compensate for this injury; (5) he suffered from the negligent injury to his property including his car door, dashboard, armrest, and guitar and he seeks $2,100 to compensate for this injury; and (6) he was denied equal protection of the law and seeks $15,000 to compensate for this injury. Based upon the information known to the claimant to date, the claimant has suffered damages amounting to no less than $64,200” (id.).
The Claim
A claim was served upon the Attorney General’s office on March 18, 2002 and filed with the court on March 19, 2002 (defendant’s exhibit B to motion papers). The claim alleged that claimant, “a black man,” was subjected to an unconstitutional search and seizure of his person and his automobile (id. ij 2). Paragraph 22 of the claim stated that “[t]he conduct of the State police officers described is so unreasonable that it cannot be explained on any plausible ground except for the race of the claimant.”[2] Thus, claimant alleged the following federal and state constitutional violations:
“24. The search and seizure of Mr. Lyles, as described here, was undertaken in violation of the Fourth Amendment to the United States Constitution. He seeks $15,000 to compensate for this constitutional injury. * * *
“25. The search and seizure of Mr. Lyles, as described here, was undertaken in violation of Article I § 12 of the New York Constitution. He seeks $15,000 to compensate for this constitutional injury. * * *
“26. The search of Mr. Lyles’ automobile, as described here, was undertaken in violation of the Fourth Amendment to the United States Constitution. He seeks $2100 to compensate for this injury. * * *
“27. The search of Mr. Lyles’ automobile, as described here, was undertaken in violation of Article I § 12 of the New York Constitution. He seeks $2100 to compensate for this injury. * * *
*35 “28. The unjustified conduct by State officials, as described here, violated the Equal Protection Clause to the Fourteenth Amendment. Claimant seeks $15,000 to compensate for this constitutional injury. * * *
“29. The unjustified conduct by State officials, as described here. Such conduct violated the Equal Protection Clause of Article I § 11 of the New York Constitution. Claimant seeks $15,000 to compensate for this constitutional injury” (id.).
The claim did not allege any common-law tort causes of action.
Defendant’s Motion to Dismiss
Federal Constitutional Claims
As the Court of Appeals stated in Brown v State of New York (89 NY2d 172), 42 USC § 1983, together with 42 USC § 1981, is the enabling legislation which provides a damage remedy against state officials and some entities for violation of federal constitutional rights. However, since Monell v Department of Social Servs. of City of N.Y. (436 US 658), it has been settled that the State is not “a person” within the meaning of section 1983. Therefore, the Court of Appeals concluded that no action will lie against the State under section 1983 or section 1981 (Brown, 89 NY2d at 184-186).
Notwithstanding this well settled law under section 1983, claimant invokes Bivens v Six Unknown Named Agents of Fed. Bur. of Narcotics (403 US 388), which established an implied cause of action against federal officials for violation of federal constitutional rights. Claimant argues that the Court of Claims should recognize a Bivens cause of action for damages against the State for deprivation of federal constitutional rights. A Bivens cause of action has already been held unavailable against a city and city officers (see, Weimer v City of Johnstown, 249 AD2d 608). There is a lack of authority for this court to create a monetary cause of action against the State based upon the Federal Constitution absent congressional or state legislative approval and to do so would raise serious Eleventh Amendment policy concerns (see Chemerinsky, Federal Jurisdiction § 9.1.4 [3d ed 1999]; see also Santiago v New York State Dept. of Correctional Servs., 945 F2d 25 [2d Cir 1991]; Vakas v Rodriquez, 728 F2d 1293 [10th Cir 1984]; Gillum v New York State Dept, of Corrections, Albany, N.Y., 1993 WL 158397, 1993 US Dist LEXIS 6123 [SD NY 1993]). Consequently, it would be *36 inappropriate and unwarranted for this court to imply such a cause of action.
Accordingly, this court lacks subject matter jurisdiction over the federal constitutional claims set forth in paragraphs 24, 26, and 28 of the claim; therefore they are dismissed.
State Constitutional Claims
On the facts presented in Brown, the Court of Appeals held that an implied cause of action to recover damages may be asserted against the State for violation of the Equal Protection and Search and Seizure Clauses of the State Constitution. However, the Court did not expressly address the issue raised by defendant herein, i.e., whether such cause of action is available to a claimant who has an adequate remedy at common law. Analysis of this issue begins with the Court of Appeals reasoning in Brown that an implied constitutional tort was recognized because it was both “necessary and appropriate to ensure the full realization of the rights” of the claimants under the State Constitution (Brown, 89 NY2d at 189). This reasoning led to the Court’s holding in Martinez v City of Schenectady (97 NY2d 78), that the exclusion of constitutionally challenged evidence and the reversal of the conviction was itself an adequate remedy. Therefore, the Court concluded, “Recognition of a constitutional tort claim here is neither necessary to effectuate the purposes of the State constitutional protections plaintiff invokes, nor appropriate to ensure full realization of her rights” (Martinez, 97 NY2d at 83). The Court also characterized the constitutional tort remedy established in Brown as “a narrow remedy” that was “not boundless” (Martinez, 97 NY2d at 83). A fortiori, a monetary common-law remedy, which is essentially duplicative of a constitutional tort remedy, is an adequate remedy and other courts have already so held (see Augat v State of New York, 244 AD2d 835; Remley v State of New York, 174 Misc 2d 523).
Additionally, the Court of Appeals reasoning in Brown drew upon the rationale in Bivens. It is significant that subsequent United States Supreme Court decisions have narrowed the Bivens cause of action and held it unavailable when there is an alternative remedy or special factors that counsel hesitation (see Schweiker v Chilicky, 487 US 412; United States v Stanley, 483 US 669; Bush v Lucas, 462 US 367; Chappell v Wallace, 462 US 296; see also Gail Donoghue and Jonathan I. Edelstein, Life After Brown; The Future of State Constitutional Tort Actions in New York, 42 NYL Sch L Rev 447, 485-488 [1998]).
*37 Finally, in the instant case, a beneficial effect of holding the implied constitutional tort remedy unavailable, and relegating claimant to common-law remedies, prevents manipulation and frustration of the legislative policies embodied in the limitation periods of Court of Claims Act § 10 (3) and (3-b), which are conditions of the State’s waiver of sovereign immunity (see Alston v State of New York, 97 NY2d 159).
For all the foregoing reasons and because the alleged wrongs could have been redressed by timely interposed common-law tort claims, e.g., false arrest, false imprisonment, assault and battery, intentional injury to property, negligent injury to property, and negligent infliction of emotional distress, this court holds that an implied constitutional tort remedy is not available to claimant. Accordingly, the state constitutional claims set forth in paragraphs 25, 27, and 29 of the claim are dismissed.
Common-Law Claims
Claimant did not assert any common-law causes of action in his claim and had such claims been alleged, they would warrant dismissal under Court of Claims Act § 10 (3) and (3-b). These sections are jurisdictional in nature and provide that, where a notice of intention is served, a claim based upon the negligent or unintentional tort of a state officer or employee must be filed within two years after its accrual and a claim based upon an intentional tort must be filed within one year after its accrual (see Welch v State of New York, 286 AD2d 496; Coleman v Webb, 158 AD2d 500). Here, the claim was filed nearly three years after its accrual.
Accordingly, defendant’s motion is granted in its entirety and claim No. 105774 is dismissed.

. The race of the troopers was not set forth in either the claim or the notice of intention.