■ ARTEMUS LYLES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 105774.) [770 NYS2d 81]—

In a claim to recover damages for purported violations of state and federal constitutional rights, the claimant appeals from an order of the Court of Claims (Ruderman, J.), dated September 26, 2002, which, inter alia, granted the defendant's motion to dismiss the claim.

Ordered that the order is affirmed, with costs.

During the early morning hours of March 27, 1999, the claimant, Artemus Lyles, was driving home to Manhattan from Westchester County in a 1986 Cadillac that he had recently purchased at an auction. As he was traveling westbound on Interstate 287, he was stopped by two state troopers allegedly because fumes were emanating from the automobile's exhaust pipe.

In his claim, Lyles described the events that ensued, alleging, inter alia, that he was given a ticket for this offense and was detained for over one hour and 20 minutes while he was searched, with his consent, and while his car was searched, without his consent. He alleged that he was permitted to leave but was stopped again within three minutes by the same troopers, this time because an air freshener hanging from the rear

view mirror was obstructing the windshield. Although Lyles was not given a ticket for this, he alleged that he was detained, for approximately one additional hour, was handcuffed by another officer who had joined them, and was coerced into opening the trunk of his car for inspection.

On June 22, 1999, Lyles served a notice of intention to file a claim to recover damages for unreasonable search and seizure, assault and battery, false imprisonment, the denial of equal protection, and the intentional and negligent injury to his property.

Almost three years after the incident on Interstate 287, Lyles served and filed a claim based on those same factual allegations. Instead of basing his claim on common-law torts, however, Lyles asserted that the search and seizure of his person, and the search of his car, violated the Fourth Amendment to the United States Constitution and article 1, § 12 of the New York State Constitution. In addition, he claimed that the state troopers' conduct was racially motivated and violated the equal protection clauses of the Fourteenth Amendment to the United States Constitution and article 1, § 11 of the New York State Constitution. The Court of Claims properly granted the State's motion to dismiss each cause of action.

In *Brown v State of New York* (89 NY2d 172 [1996]), the Court of Appeals implied a damage remedy for violations of the search and seizure clause (*see* NY Const, art 1, § 12) and the equal protection clause (*see* NY Const, art 1, § 11) of the New York State Constitution because the remedy in that case was consistent with the purposes underlying the duties imposed by those provisions and it was "necessary and appropriate to ensure the full realization of the rights they state" (*Brown v State of New York, supra* at 189). In *Martinez v City of Schenectady* (97 NY2d 78 [2001]), however, the Court of Appeals made it clear that the "narrow remedy" created in *Brown* (*supra* at 192), was not "boundless" and "[c]laimants must establish grounds that entitle them to a damages remedy, in addition to proving that their constitutional rights have been violated" (*Martinez v City of Schenectady, supra* at 83).

In the present case, the recognition of the claimant's state constitutional claims was neither necessary nor appropriate to ensure the full realization of his rights, because the alleged wrongs could have been redressed by an alternative remedy, namely, timely interposed common-law tort claims for assault and battery, false imprisonment, and the intentional and negligent injury to his property (*see Augat v State of New York,* 244 AD2d 835, 837 [1997]; *Zulu v State of New York,* 2001 NY

Slip Op 40047[U] [Ct Cl, May 21, 2001]; *Remley v State of New York,* 174 Misc 2d 523, 526-527 [1997]). Accordingly, the Court of Claims properly dismissed the state constitutional claims. In addition, the Court of Claims properly dismissed the federal constitutional claims on the ground that it lacked subject matter jurisdiction. In light of this determination, it is not necessary to address the issue of the applicable statute of limitations. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.[*See* 194 Misc 2d 32.]