[820 NE2d 860, 787 NYS2d 216]

Artemus Lyles, Appellant, v State of New York, Respondent.
(Claim No. 105774.)

Argued October 13, 2004; decided November 30, 2004

## POINTS OF COUNSEL

*New York Civil Liberties Union Foundation,* New York City (*Arthur N. Eisenberg* of counsel), for appellant. I. Appellant Artemus Lyles is not foreclosed from pursuing state constitutional claims in the Court of Claims. (*Brown v State of New York,* 89 NY2d 172; *Martinez v City of Schenectady,* 97 NY2d 78; *Lehman v Kornblau,* 134 F Supp 2d 281; *Csoka v County of Suffolk,* 85 F Supp 2d 117; *Costantakos v Board of Educ.,* 105 AD2d 825; *Harby Assoc. v City of Gloversville,* 82 AD2d 1003; *Almor Assoc. v Town of Skaneateles,* 231 AD2d 863; *New York Pub. Interest Research Groups v Levitt,* 62 AD2d 1074; *Cerilli v Kezis,* 306 AD2d 430; *Chevron Oil Co. v Huson,* 404 US 97.) II. Appellant Artemus Lyles is not foreclosed from pursuing causes of action in the Court of Claims directly under the Fourth Amendment to the Federal Constitution. (*Brown v State of New York,* 89 NY2d 172; *Jett v Dallas Ind. School Dist.,* 491 US 701; *Bivens v Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 US 388; *Mapp v Ohio,* 367 US 643; *Owens v Okure,* 488 US 235; *Board of Regents of Univ. of State of N.Y. v Tomanio,* 446 US 478; *Wilson v Garcia,* 471 US 261; *Pauk v Board of Trustees of City Univ. of N.Y.,* 654 F2d 856; *Chin v Bowen,* 833 F2d 21.)

*Eliot Spitzer, Attorney General,* Albany (*Denise A. Hartman, Caitlin J. Halligan, Daniel Smirlock* and *Peter H. Schiff* of counsel), for respondent. I. The claim must be dismissed because claimant did not file or serve his claim within the jurisdictional time limitations of the Court of Claims Act. (*Alston v State of New York,* 97 NY2d 159; *Lepkowski v State of New York,* 1 NY3d 201; *Brown v State of New York,* 89 NY2d 172; *Owens v Okure,* 488 US 235; *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Rutzinger v Lewis,* 302 AD2d 653; *Havell v Islam,* 292 AD2d 210; *Lichtenstein v State of New York,* 93 NY2d 911; *Finnerty v New York State Thruway Auth.,* 75 NY2d 721; *Dreger v New York State Thruway Auth.,* 81 NY2d 721.) II. In view of claimant's alternative common-law tort remedies, the courts below properly dismissed his state constitutional claims because implying a constitutional damages remedy in this case is neither necessary to effectuate the purposes of the state constitutional provisions at issue nor appropriate to ensure full realization of claimant's rights. (*Brown v State of New York,* 89 NY2d 172; *Bivens v Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 US 388; *Martinez v City of Schenectady,* 97 NY2d 78; *People v Stultz,* 2 NY3d 277; *People v Robinson,* 97 NY2d 341; *Whren v United States,* 517 US 806; *Augat v State of New*

*York,* 244 AD2d 835, 91 NY2d 814; *Remley v State of New York,* 174 Misc 2d 523; *Bullard v State of New York,* 307 AD2d 676; *Harvey v State of New York,* 281 AD2d 846.) III. There is no basis for the Court to recognize a federal constitutional tort claim against the State of New York in the Court of Claims. (*Brown v State of New York,* 89 NY2d 172; *Matter of Thomasel v Perales,* 78 NY2d 561; *Federal Deposit Ins. Corp. v Meyer,* 510 US 471; *Bivens v Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 US 388; *Carlson v Green,* 446 US 14.)

### OPINION OF THE COURT

CIPARICK, J.

This claim against the State of New York to recover damages for alleged violations of state and federal constitutional rights arose out of an early morning State Police traffic stop on March 27, 1999. Claimant Artemus Lyles was driving home from Westchester County in a 1986 Cadillac that he had recently purchased at an auction. As he traveled on Interstate 287, two New York State Troopers pulled him over explaining that his vehicle's exhaust pipe was emitting fumes. During the stop, the State Troopers issued claimant a ticket for the offense and conducted a consent search of his person. One of the troopers searched his car without his consent. Nothing remarkable was discovered and, after detaining claimant for an hour and 20 minutes, the State Troopers permitted him to drive away.

Shortly thereafter, the same officers stopped claimant a second time for driving with an obstructed windshield. They detained him for another hour during which a State Police sergeant arrived at the scene. According to claimant, he was handcuffed and made to open the car trunk for inspection. A search of its contents revealed only lawful items, which were allegedly thrown onto the road before being returned to the trunk. No ticket was issued and claimant was eventually allowed to leave.

On June 22, 1999, claimant served a timely notice of intention to file a claim for damages against the State. Detailing the incident, the notice set forth causes of action for unreasonable search and seizure, assault and battery, false imprisonment, denial of equal protection, and intentional and negligent injury to property. The claim was not served upon the Attorney General's office until March 18, 2002, and was filed with the Court of Claims on March 19, 2002. It sought damages exclusively for federal and state constitutional violations (*see Brown*

*v State of New York*, 89 NY2d 172, 183 [1996] [concluding that "claims against the State based upon violations of the State Constitution come within the jurisdiction of the Court of Claims"]; *see also Martinez v City of Schenectady*, 97 NY2d 78 [2001]). Specifically, the claim alleged that the search and seizure of claimant's person and vehicle violated the Fourth Amendment of the United States Constitution and article I, § 12 of the New York State Constitution. Claimant further alleged that the State Troopers' conduct was racially motivated and violated the Equal Protection Clauses of the Federal and State Constitutions (*see* US Const, 14th Amend, § 1; NY Const, art I, § 11).

The State moved to dismiss the claim on the ground that the court lacked subject matter jurisdiction because claimant failed to file his claim within the jurisdictional time limitations of Court of Claims Act § 10. In opposition, claimant essentially argued that section 10 governs only the filing deadlines for traditional common-law torts, not constitutional torts. He urged the court to determine the timeliness of his claim based on the statute of limitations period set forth in CPLR 213 (1), proposing a six-year limitations period for state constitutional claims and a three-year limitations period for federal constitutional claims.

The Court of Claims granted the State's motion and dismissed the claim. The Appellate Division affirmed, holding that state constitutional tort claims cannot be maintained where alternative common-law tort remedies exist for the alleged wrongs. It further held that the Court of Claims properly dismissed the federal constitutional claims for lack of subject matter jurisdiction. The Court explicitly declined to address "the issue of the applicable statute of limitations" (2 AD3d 694, 696 [2003]). Claimant appeals to this Court as a matter of right, and we now affirm the order of the Appellate Division on different grounds.

The dispositive issue here is whether, under the terms of the waiver of sovereign immunity found in Court of Claims Act § 8, the State retained its immunity as to this claim because claimant failed to comply with the time limitations set forth in Court of Claims Act § 10. We conclude that the State retained its immunity and therefore that the claim was properly dismissed.

Preliminarily, a distinction must be drawn between statutes of limitations generally and the filing limitations of the Court of

Claims Act. It is well settled that statutes of limitations are designed to promote justice by preventing the revival of stale claims (*see Blanco v American Tel. & Tel. Co.*, 90 NY2d 757, 773 [1997] [citation omitted]). The primary purpose of a limitations period, we have noted, is to ensure fairness to a defendant (*see Flanagan v Mount Eden Gen. Hosp.*, 24 NY2d 427, 429 [1969]). The time limitations in the Court of Claims Act, however, are distinctly concerned with the subject matter jurisdiction of the Court of Claims as the State has waived its sovereign immunity against suit only to the extent that claimants comply with the provisions of the statute (*see Alston v State of New York*, 97 NY2d 159, 163 [2001]).

Section 8 of the Court of Claims Act provides:

> "The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, *provided the claimant complies with the limitations of this article*" (emphasis added).

"Article II, section 10 of the Court of Claims Act could not be any clearer . . . that *'[n]o judgment shall be granted* in favor of any claimant unless such claimant shall have complied' with the time limitations established in that section" (*Alston*, 97 NY2d at 163, quoting Court of Claims Act § 10).

Where the notice of intention to file a claim has been timely filed, Court of Claims Act § 10 (3) provides:

> "[a] claim to recover damages for injuries to property or for personal injuries caused by the negligence or unintentional tort of an officer or employee of the state while acting as such officer or employee . . . shall be filed and served upon the attorney general within two years after the accrual of such claim."

In contrast, also assuming a timely served notice of intention, a claim to recover for damages arising from an intentional tort of an officer or employee of the State "shall be filed and served upon the attorney general within one year after the accrual of such claim" (Court of Claims Act § 10 [3-b]).

Here, it is undisputed that claimant's cause of action for federal and state constitutional torts accrued on March 27, 1999, and that he timely served his notice of intention to file a claim.

Claimant, however, did not file and serve his claim until March 2002—almost three years after the action accrued. Because claimant's late filing and service places him beyond the two-year outer limits of section 10, and claimant did not seek late filing relief under Court of Claims Act § 10 (8) (a), the State was entitled to dismissal of this claim on sovereign immunity grounds. We need not determine whether the constitutional torts at issue should be categorized as negligent, unintentional or intentional torts for purposes of the court's jurisdiction over this matter. As the claim is untimely under either Court of Claims Act § 10 (3) or (3-b), it was properly dismissed.

In light of our conclusion, the merits of claimant's constitutional tort claims are not properly before us. Thus, we do not address the issue of whether a constitutional tort action may be maintained where alternative common-law tort remedies exist.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.