■ DANIEL SHELTON, Doing Business as SHELTON BROTHERS, Appellant, v NEW YORK STATE LIQUOR AUTHORITY et al., Respondents. (Action No. 1.) DANIEL SHELTON, Doing Business as SHELTON BROTHERS, Appellant, v STATE OF NEW YORK, Respondent. (Action No. 2.) [878 NYS2d 212]—

Stein, J. Appeals (1) from an order of the Supreme Court (Egan Jr., J.), entered November 2, 2007 in Albany County, which, among other things, partially granted defendants' motion to dismiss the complaint in action No. 1, (2) from an order and an amended order of said court, entered January 11, 2008 in Albany County, which denied plaintiff's motion for, among other things, leave to amend the complaint in action No. 1, and (3) from an order of the Court of Claims (McCarthy, J.), entered June 12, 2008, which granted defendant's motion to dismiss the claim in action No. 2.

Plaintiff/claimant, Daniel Shelton (hereinafter plaintiff), is a Massachusetts resident in the business of marketing and distributing beer throughout the United States. The actions underlying this appeal arose out of plaintiff's efforts to register the brand labels of six beers for sale within New York with defendant New York State Liquor Authority (hereinafter the Authority) as required by the Alcoholic Beverage Control Law (*see* Alcoholic Beverage Control Law § 107-a). In plaintiff's words, the subject beer labels make "comic and irreverent references to Christmas themes."

Plaintiff's applications to register the six labels were submitted on October 3, 2006. Thirty-one days later, an employee of the Authority allegedly called plaintiff and informed him that the applications had been denied. Although no written denial had been issued,[1] plaintiff commenced action No. 1 in Supreme Court on November 21, 2006 seeking to enjoin the Authority from prohibiting the sale of the subject beers in New York and alleging various state and federal constitutional and statutory violations by the Authority and its three Commissioners, the individual defendants named in action No. 1. By letter dated November 28, 2006, the Authority officially approved the labels of the subject beers. Nevertheless, plaintiff commenced action No. 2 in the Court of Claims, also seeking damages for alleged constitutional violations stemming from the denial of his applications.

In action No. 1, the Authority and its Commissioners (hereinafter collectively referred to as defendants) moved to dismiss plaintiff's amended and second amended complaint.[2] Plaintiff opposed the motion and cross-moved for leave to amend the complaint a third time to add as defendants the Department of Taxation and Finance and its acting Commissioner. In a November 2007 order, Supreme Court partially granted defendants' motion by dismissing the first eight causes of action as moot and the 11th cause of action for failure to state a cause of action and lack of subject matter jurisdiction. The court also partially granted plaintiff's cross motion, permitting modification of the complaint only with respect to the remaining two

---

1. Pursuant to the Alcoholic Beverage Control Law, applications for registration of labels which have previously been approved by the Federal Bureau of Alcohol, Tobacco and Firearms—such as those at issue here—are deemed approved by the Authority if the Authority does not deny the applications, in writing, within 30 days of receipt (*see* Alcoholic Beverage Control Law § 107-a [4] [c] [2]).

2. The second amended complaint added a cause of action challenging the imposition of certain fees and taxes on beer by the Department of Taxation and Finance.

causes of action.[3] Plaintiff then unsuccessfully moved for reargument on the dismissal of his 11th cause of action for failure to state a claim under 42 USC § 1983 or, alternatively, leave to again amend the complaint so as to specifically allege sufficient involvement of the individual defendants to sustain his 42 USC § 1983 cause of action. In action No. 2, the Court of Claims granted defendant State of New York's motion to dismiss plaintiff's claim for want of subject matter jurisdiction.

Plaintiff appeals from Supreme Court's November 2007 order dismissing nine of his causes of action, that court's January 2008 order denying his motion to amend his complaint with respect to his 11th cause of action, and the Court of Claims' order dismissing his claim in action No. 2. We consolidated the appeals and now modify the orders in action No. 1.

First addressing action No. 1, we find that plaintiff's first eight causes of action were properly dismissed. The Authority's ultimate approval of the labels rendered moot plaintiff's claims based upon the denial of his applications and, contrary to plaintiff's argument on appeal, the exception to the mootness doctrine has not been demonstrated. The exception may only be found when all of the following three factors are present: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Here, plaintiff has failed to demonstrate that either the first or second factor is present.

The unique factual underpinnings that render plaintiff's first eight causes of action moot are not likely to recur. The Authority ultimately approved the applications; thus, plaintiff's claimed injury stems solely from the alleged verbal communication denying the applications and plaintiff's subsequent reliance on that information. Accordingly, the emphasis that plaintiff places on the fact that defendants have denied applications in the past based on similar—and, according to plaintiff, illegal—criteria, is misplaced. A future denial of plaintiff's applications could certainly happen but, unlike here, a denial would present an actionable controversy.

Indeed, for this scenario to repeat itself, defendants would have to verbally communicate the Authority's position on pending applications and plaintiff would, once again, have to rely on

---

**3.** The remaining causes of action allege violations of the Commerce and Equal Protection Clauses and are not at issue in this appeal.

that information, as opposed to seeking a written decision. Even in this case, because the Authority did not issue a written denial within 30 days of plaintiff's application, plaintiff's labels were deemed approved as early as November 3, 2006, the 31st day after plaintiff's October 3, 2006 application was submitted. Armed with this information, we find it dubious that plaintiff would allow himself to be misguided by an oral communication in the future.

Further, we cannot agree with plaintiff that, should this situation repeat itself, it would continue to evade review. Plaintiff argues that defendants have the unfettered ability to delay approval during a critical marketing period—here the months immediately preceding Christmas—and then approve the labels at the onset of litigation, thereby continually evading review. However, given the Alcoholic Beverage Control Law's express statutory protection against undue delay by the Authority, discussed above, we find plaintiff's concerns to be unfounded (*see* Alcoholic Beverage Control Law § 107-a [4] [c] [2]). Plaintiff may seek approval from the Authority well in advance of his targeted marketing season,[4] and he will be guaranteed a decision within 30 days. If a written denial is issued, it could be immediately challenged. If no written decision is forthcoming, plaintiff could proceed with the knowledge that his application has been deemed approved (*see* Alcoholic Beverage Control Law § 107-a [4] [c] [2]). Accordingly, the exception to the mootness doctrine is not applicable as at least two of the necessary factors are not present (*see Matter of City of New York v New York State Pub. Empl. Relations Bd.*, 54 AD3d 480, 482 [2008], *lv denied* 12 NY3d 701 [2009]; *Matter of Clear Channel Communications v Rosen*, 263 AD2d 663, 664-665 [1999]).

Next, we hold that plaintiff's 11th cause of action seeking damages pursuant to 42 USC § 1983, as stated in plaintiff's second amended complaint, was properly dismissed (*see* CPLR 3211 [a] [7]). "[A] section 1983 claim for damages against a state official can only be asserted against that official in his or her individual capacity"; section 1983 claims will not lie against state officials in their official capacity or under a respondeat superior theory (*Al-Jundi v Estate of Rockefeller*, 885 F2d 1060, 1065 [1989]). Instead, it was incumbent upon plaintiff to "allege particular *facts* indicating that [each of the individual defendants] was personally involved in the deprivation of the plaintiff's constitutional rights; mere 'bald assertions and conclusions of law' do not suffice" (*Davis v County of Nassau*,

---

4. Plaintiff did not seek approval until October for labels he wished to market prior to Christmas.

355 F Supp 2d 668, 677 [ED NY 2005], quoting *Leeds v Meltz*, 85 F3d 51, 53 [1996]).

Plaintiff's second amended complaint, even when liberally construed (*see Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004]), fails to include allegations of personal involvement by any of the individual defendants. Indeed, the general allegations that "defendants refused to license the beers" and that such refusal was done in bad faith offer nothing specific with regard to any particular action taken by any of the individually named defendants. Because " 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983,' " plaintiff's 11th cause of action was properly dismissed (*Williams v Smith*, 781 F2d 319, 323 [1986], quoting *McKinnon v Patterson*, 568 F2d 930, 934 [1977], *cert denied* 434 US 1087 [1978]; *see Davis v County of Nassau*, 355 F Supp 2d at 676-677; *see also Mansour v Abrams*, 185 AD2d 670, 670 [1992]; *Colon v Coughlin*, 58 F3d 865, 873-874 [1995]; *Al-Jundi v Estate of Rockefeller*, 885 F2d at 1065-1067).

We reach a different conclusion, however, with respect to Supreme Court's denial of plaintiff's motion for leave to amend his complaint so as to remedy these deficiencies. "Provided that there is no prejudice to the nonmoving party and the amendment is not plainly lacking in merit, leave to amend pleadings under CPLR 3025 (b) should be freely granted" (*Smith v Haggerty*, 16 AD3d 967, 967-968 [2005] [internal quotation marks and citation omitted]). In determining the merit of the proposed amendment, we must accept as true the facts alleged and draw all reasonable inferences in favor of plaintiff (*see Soumayah v Minnelli*, 41 AD3d 390, 391 [2007]). Here, Supreme Court found no prejudice to defendants in the proposed amendment, but held that the motion was plainly lacking in merit. However, in dismissing plaintiff's 11th cause of action for failure to state a cause of action, Supreme Court relied on the fact that the complaint included "no allegations that the telephone call was made at the behest of the Commissioners, that they were aware of the telephone call or that they were actively involved in the purported determination to deny the applications." In contrast, plaintiff's "second proposed third amended verified complaint" includes the assertion that the individual defendants directed the Authority employee to call plaintiff and that, "[u]pon information and belief, the individual Commissioner Defendants were aware of, and approved of, the . . . call."

Under these circumstances, we cannot agree that the proposed allegation of personal involvement—albeit of a kind that may

ultimately fall within the scope of the qualified immunity that the individual defendants enjoy as state officials (*see Cavanaugh v Doherty*, 243 AD2d 92, 97 [1998]; *see also Bad Frog Brewery, Inc. v New York State Liq. Auth.*, 134 F3d 87, 101 [1998]) is "plainly lacking in merit" at this early pleading stage. Contrary to defendants' arguments, plaintiff's assertions appear to be based on more than mere speculation inasmuch as it can be reasonably inferred that the conduct complained of—authorizing communication of a decision by the Authority—would have required the direct knowledge and/or participation of at least one of the Commissioners (*see* Alcoholic Beverage Control Law §§ 10, 17 [1]). Where, as here, "the complaint does not merely assume . . . personal involvement based on [defendants'] position of authority" but instead alleges some direct action by the individual defendants that contributed to the alleged deprivation of constitutional rights, a claim under 42 USC § 1983 is stated (*Hayes v Sweeney*, 961 F Supp 467, 475 [1997]; *see Williams v Smith*, 781 F2d at 324). Accordingly, we conclude that Supreme Court abused its discretion in denying the motion to amend (*see Cary v Fisher*, 161 AD2d 1063, 1064 [1990]; *see also Linen v County of Rensselaer*, 274 AD2d 911, 913 [2000]).

Turning to action No. 2 in the Court of Claims, we conclude that the court's dismissal of plaintiff's state constitutional tort claims was proper. Although, in limited situations, a private cause of action to recover monetary damages for state constitutional violations can arise (*see Brown v State of New York*, 89 NY2d 172, 177-178 [1996]), no such claim will lie where the claimant has an adequate remedy in an alternate forum (*see Martinez v City of Schenectady*, 97 NY2d 78, 83-84 [2001]; *Bullard v State of New York*, 307 AD2d 676, 678 [2003]). Here, plaintiff's action in Supreme Court—where he had the opportunity to seek redress for the same wrongs asserted in his action in the Court of Claims—demonstrates that he had an alternative remedy, rendering his constitutional tort claims against the State unnecessary and inappropriate. In addition, allegedly unlawful actions taken by the Authority could have been challenged in the context of a CPLR article 78 proceeding. Under these circumstances, the Court of Claims properly dismissed plaintiff's claims sounding in state constitutional tort (*see Matter of Ken Mar Dev., Inc. v Department of Pub. Works of City of Saratoga Springs*, 53 AD3d 1020, 1025 [2008]; *Lyles v State of New York*, 2 AD3d 694, 695 [2003], *affd on other grounds* 3 NY3d 396 [2004]; *Bullard v State of New York*, 307 AD2d at 678-679).

In addition, the Court of Claims correctly dismissed plaintiff's

challenges to the constitutionality of the Alcoholic Beverage Control Law and the Authority's regulations because the Court of Claims is not the appropriate forum in which to seek declaratory relief (*see Cass v State of New York,* 58 NY2d 460, 463 [1983]; *State of New York v Fehlhaber Corp. & Horn Constr. Co.,* 69 AD2d 362, 374 [1979]; CPLR 3001). Likewise, claims for damages against the State based on alleged deprivations of rights under the US Constitution are beyond the jurisdiction of the Court of Claims (*see Lyles v State of New York,* 2 AD3d at 696; *Torres v State of New York,* 13 Misc 3d 574, 575 [2006]; *see also Will v Michigan Dept. of State Police,* 491 US 58, 71 [1989]). Accordingly, plaintiff's claim in action No. 2 was properly dismissed in its entirety.

Cardona, P.J., Peters and Malone Jr., JJ., concur. Ordered that the orders and amended order entered November 2, 2007 and January 11, 2008 are modified, on the law, without costs, by reversing so much thereof as granted defendants' motion dismissing the 11th cause of action and as denied plaintiff's motion for leave to amend the complaint with respect to the 11th cause of action; defendants' motion denied to said extent and plaintiff's motion granted to said extent; and, as so modified, affirmed.

Ordered that the order entered June 12, 2008 is affirmed, without costs.