■ John L. Peterec, Appellant, v State of New York, Respondent. [998 NYS2d 900]—

In a claim, inter alia, to recover damages for false arrest, the claimant appeals from an order of the Court of Claims (Ruderman, J.), dated November 21, 2013, which granted those branches of the defendant's motion which were, in effect, pursuant to CPLR 3211 (a) (2) to dismiss the claims alleging false arrest, false imprisonment, negligence, and intentional tort for lack of subject matter jurisdiction, and pursuant to CPLR 3211 (a) (7) to dismiss the claims alleging violations of the New York State Constitution, negligent arrest and investigation, and intentional infliction of emotional distress for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

Contrary to the claimant's contention, the Court of Claims correctly concluded that it lacked subject matter jurisdiction to adjudicate his claims alleging false arrest, false imprisonment,

negligence, and intentional tort, as the claimant failed to file a notice of claim or a notice of intention to file such a claim within 90 days after those claims began to accrue (*see* Court of Claims Act § 10 [3], [3-b]; *Bennett v State of New York*, 106 AD3d 1040 [2013]; *Hughes v State of New York*, 105 AD3d 907, 907-908 [2013]).

The Court of Claims also correctly concluded that the claimant failed to state a cause of action to recover damages for violations of the New York State Constitution, negligent arrest and investigation, and intentional infliction of emotional distress. The claim alleging violations of the New York State Constitution is unavailable, since the claimant has an alternative remedy available (*see Martinez v City of Schenectady*, 97 NY2d 78, 82-84 [2001]; *Lyles v State of New York*, 2 AD3d 694, 695-696 [2003], *affd* 3 NY3d 396 [2004]). In addition, there is no claim in New York State for negligent arrest or negligent investigation (*see Ellsworth v City of Gloversville*, 269 AD2d 654, 656-657 [2000]), and public policy bars a claim for intentional infliction of emotional distress against the State (*see Lynn v State of New York*, 33 AD3d 673, 675 [2006]; *Wheeler v State of New York*, 104 AD2d 496, 498 [1984]). Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.