# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

111.1
CA 13-01529
PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

SHIKEMA WILLIAMS, ADMINISTRATRIX OF THE ESTATES
OF FREDERICK VELEZ AND CHRISTINE COX, DECEASED,
FREDERICK HALL, AND SHAMIA HALL, BY HER MOTHER
AND NATURAL GUARDIAN, SABRINA HALL,
CLAIMANTS-APPELLANTS,

V                                                     MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.

---

BENNO & ASSOCIATES P.C., NEW YORK CITY (AMEER BENNO OF COUNSEL), AND
JEFFREY A. ROTHMAN, FOR CLAIMANTS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Glen T. Bruening, J.), entered November 7, 2012. The order, inter alia, denied in part the motion of claimants for leave to file a late claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimants appeal from an order denying those parts of their motion for permission to file a late claim against defendant with respect to claims for damages under theories of constitutional tort and negligent training, arising from the stabbing death of decedent Frederick Velez, an inmate in a correctional facility. We affirm. "The Court of Claims has broad discretion in determining whether to grant or deny an application for permission to file a late . . . claim and its decision will not be disturbed absent a clear abuse of that discretion" (*Matter of Martinez v State of New York*, 62 AD3d 1225, 1226; *see Collins v State of New York*, 69 AD3d 46, 48). Here, the court did not abuse its discretion in denying that part of the motion with respect to the proposed constitutional tort theory (*see generally Martinez v City of Schenectady*, 97 NY2d 78, 83). To the contrary, "recognition of the claimant[s'] State constitutional claims was neither necessary nor appropriate to ensure the full realization of [their] rights, because the alleged wrongs could have been redressed by . . . timely interposed common-law tort claims" (*Lyles v State of New York*, 2 AD3d 694, 695, *affd* 3 NY3d 396; *see Peterec v State of New York*, 124 AD3d 858, 859; *Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1150).

We also reject claimants' contention that the court abused its discretion in denying that part of the motion with respect to the proposed negligent training theory.  A claim that defendant, as an employer, was "negligent in failing 'to properly interview, hire, train, supervise, and monitor' its employees . . . 'does not lie where, as here, the employee is acting within the scope of his or her employment, thereby rendering the employer liable for damages caused by the employee's negligence under the [alternative] theory of respondeat superior' " (*Drisdom v Niagara Falls Mem. Med. Ctr.*, 53 AD3d 1142, 1143; *see Brown v State of New York*, 45 AD3d 15, 26-27, *lv denied* 9 NY3d 815; *see generally Leftenant v City of New York*, 70 AD3d 596, 597).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court