Smith v City of New York (2019 NY Slip Op 01828)





Smith v City of New York


2019 NY Slip Op 01828


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Acosta, P.J., Manzanet-Daniels, Kapnick, Kahn, Oing, JJ.


8694 306697/14

[*1]Joseph Smith, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Apicella & Schlesinger, New York (Philip S. Schlesinger of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Scott Shorr of counsel), for respondents.



Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered March 20, 2018, to the extent appealed from as limited by the briefs, dismissing the 42 USC § 1983 claims, unanimously reversed, on the law, without costs, and the claims reinstated.
The complaint, as amplified by plaintiff's opposition papers, alleges that, on February 13, 2013, plaintiff and a friend, both black men, were driving in a luxury sports car in the Bronx. They were not driving recklessly or violating any traffic laws. Nevertheless, they were pulled over by the police, and five or six officers, including the individual defendants, removed them from the car and searched them and the car. The police found marijuana in the friend's pocket, but recovered no other contraband, either in the car or on plaintiff's person. Nevertheless, plaintiff was arrested and held for two days. Charges against him were dismissed in October 2013.
The complaint alleges further that, during this time period, the New York City Police Department employed a "stop and frisk" policy, pursuant to which every year the police stopped hundreds of thousands of overwhelmingly and disproportionately minority persons, including black men, and subjected them to searches, for no reason other than that they were in supposedly high-crime areas. The complaint alleges that the "stop and frisk" policy, rather than some constitutionally cognizable cause, was the reason plaintiff was detained, searched, and arrested. To prove the existence of this policy, plaintiff submitted, among other things, the New York City Bar Association's 24-page "Report on the NYPD's Stop-and-Frisk Policy," dated May 2013, which examined the policy and made recommendations for its reform and the protection of city residents' civil liberties.
The foregoing states a cause of action under 42 USC § 1983 against the individual defendants (see Shelton v New York State Liq. Auth., 61 AD3d 1145, 1148 [3d Dept 2009]; Littlejohn v City of New York, 795 F3d 297, 314 [2d Cir 2015]). At this procedural juncture, it is not necessary for plaintiff to allege that any of the individual defendants did any more than participate in his unlawful arrest.
By alleging the existence of an extraconstitutional municipal "stop and frisk" policy, and that the individual defendants unlawfully arrested plaintiff pursuant to that policy, the complaint states a cause of action under 42 USC § 1983 against the City (see Monell v Department of Social Servs. of City of N.Y., 436 US 658, 694-695 [1978]; see also Ashcroft v Iqbal, 556 US 662, 678-681 [2009] [setting forth federal pleading standards]; Cabrera v City of New York, 2014 NY Slip Op 30533[U] [Sup Ct, Bronx County 2014] [comparing federal and state pleading standards]).
Defendants' contention that plaintiff has not pointed to any cognizable evidence that the [*2]stop and frisk policy even exists is without merit (see Floyd v City of New York, 959 F Supp 2d 540 [SD NY 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK