Batista v City of Yonkers (2025 NY Slip Op 06592)

Batista v City of Yonkers

2025 NY Slip Op 06592

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-09533
 (Index No. 70007/19)

[*1]Kenneth Batista, et al., appellants,
v
City of Yonkers, et al., respondents.

Umoh Law Firm, PLLC, New York, NY (Uwem Umoh of counsel), for appellants.
Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (Michael J. Ashraf of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated October 14, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing so much of the cause of action alleging civil rights violations pursuant to 42 USC § 1983 as was predicated on violations of the plaintiffs' due process rights enumerated in the Fifth and Fourteenth Amendments of the United States Constitution and the cause of action alleging a violation of article I, section 12 of the New York State Constitution insofar as asserted against the defendants John Liberatore, Richard Sullivan, Jackee Walker, Robert Fitzpatrick, and Javier Lugo.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging civil rights violations pursuant to 42 USC § 1983 as was predicated on a violation of the plaintiffs' due process rights enumerated in the Fourteenth Amendment of the United States Constitution insofar as asserted against the defendants John Liberatore, Richard Sullivan, Jackee Walker, Robert Fitzpatrick, and Javier Lugo, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
This action stems from the alleged unlawful arrest of the plaintiffs, Kevin Batista and Kenneth Batista, in December 2016. The arrest pertained to allegations that the plaintiffs unlawfully possessed a firearm. Although the plaintiffs were indicted by a grand jury, the charges against Kevin Batista were ultimately dismissed by the Westchester County District Attorney's Office, while Kenneth Batista was acquitted following a jury trial.
The plaintiffs commenced this action against, among others, the defendants City of Yonkers and Westchester County and the defendants John Liberatore, Richard Sullivan, Jackee Walker, Robert Fitzpatrick, and Javier Lugo (hereinafter collectively the individual defendants), asserting, inter alia, a cause of action alleging civil rights violations pursuant to 42 USC § 1983 predicated on, among other things, violations of the plaintiffs' due process rights enumerated in the Fifth and Fourteenth Amendments of the United States Constitution. The plaintiffs also asserted a [*2]cause of action alleging that the defendants violated their rights enumerated in article I, section 12 of the New York State Constitution.
Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated October 14, 2022, the Supreme Court granted the defendants' motion. The court reasoned, inter alia, that "to the extent that the plaintiffs[ ] have asserted a substantive due process claim under the Fourteenth Amendment, such a claim fails" because, insofar as alleged here, the claim is governed by the Fourth Amendment. The plaintiffs appeal from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing so much of the cause of action alleging civil rights violations pursuant to 42 USC § 1983 as was predicated upon violations of the plaintiffs' due process rights enumerated in the Fifth and Fourteenth Amendments of the United States Constitution and the cause of action alleging a violation of article I, section 12 of the New York State Constitution insofar as asserted against the individual defendants.
The New York State Constitution contains an implied "damage remedy for violations of the search and seizure clause" (Lyles v State of New York, 2 AD3d 694, 695, affd 3 NY3d 396; see NY Const, art I, § 12). However, this remedy is unavailable where the plaintiff has an alternative remedy available, such as a timely interposed common-law tort cause of action (see Peterec v State of New York, 124 AD3d 858, 859; Lyles v State of New York, 2 AD3d at 695).
Here, the Supreme Court did not err in granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of article I, section 12 of the New York State Constitution insofar as asserted against the individual defendants. Those allegations could have been, and in fact were, asserted by the plaintiffs in parallel causes of action in the complaint alleging common-law torts, including false arrest. Accordingly, the court properly awarded summary judgment dismissing the cause of action to recover damages for a violation of article I, section 12 of the New York State Constitution insofar as asserted against the individual defendants (see Peterec v State of New York, 124 AD3d at 859; Lyles v State of New York, 2 AD3d at 695).
Furthermore, the Supreme Court did not err in granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging civil rights violations pursuant to 42 USC § 1983 as was predicated on a violation of the plaintiffs' due process rights enumerated in the Fifth Amendment of the United States Constitution insofar as asserted against the individual defendants. It is undisputed that the Due Process Clause of the Fifth Amendment, which proscribes the conduct of the federal government (see e.g. Dusenbery v United States, 534 US 161, 167), was not involved in the plaintiffs' arrests and prosecutions.
However, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging civil rights violations pursuant to 42 USC § 1983 as was predicated on a violation of the plaintiffs' due process rights enumerated in the Fourteenth Amendment of the United States Constitution insofar as asserted against the individual defendants. The plaintiffs' allegations that, during the course of their prosecution, the individual defendants presented false testimony were governed by the Fourteenth Amendment (see e.g. Napue v Illinois, 360 US 264, 269; Zahrey v Coffey, 221 F3d 342, 355 [2d Cir]). Thus, contrary to the defendants' contention, a due process analysis was appropriate (cf. Berg v County of Allegheny, 219 F3d 261, 268 [3d Cir]).
In light of our determination, the plaintiffs' remaining contention is academic.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court