Alshami v State of New York

2026 NY Slip Op 03111

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Mohamed Alshami et al., Appellants,

v

The State of New York, et al., Respondents.

Decided and Entered: May 19, 2026

Claim No. 142884|Appeal No. 6657-6658|Case No. 2025-04576, 2025-05525|

Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Valli Kane & Vagnini LLP, Garden City (Robert J. Valli, Jr. of counsel), for appellants.

Letitia James, Attorney General, New York (Cleland B. Welton II of counsel), for respondents.

[*1]

Order of the Court of Claims of the State of New York (Javier E. Vargas), entered June 10, 2025, which granted defendants' motion to dismiss the claim for lack of subject matter jurisdiction, unanimously reversed, on the law, without costs, the motion denied, and the claim reinstated. Order, same court and Justice, entered June 9, 2025, which denied claimants' motion for leave to file a late claim, unanimously affirmed, without costs.

The Court of Claims should have allowed claimants' claim to proceed, as it satisfied the substantive pleading requirements of the Court of Claims Act. In the claim underlying this appeal, claimants, who were employed as security officers by defendant City University of New York (CUNY), alleged violations of the Fair Labor Standards Act (FLSA) for failure to pay the full amount of overtime compensation they were allegedly owed. The claim complied with the requirements of Court of Claims Act § 11(b), as it detailed each individual claimants' position within CUNY, how long they worked for CUNY, their overtime and regular pay rates during their employment periods, the types of FLSA violations that they were claiming, and the damages to which they were allegedly entitled (cf. Lepkowski v State of New York, 1 NY3d 201, 208 [2003]; Watson v State of New York, 159 AD3d 446, 446-47 [1st Dept 2018]; see Johnson v State of New York, 2025 NY Slip Op 25284[U][Ct Cl 2025]). Claimants also annexed timesheet charts reflecting their hours worked during each week of the relevant period, including which weeks they worked overtime. Although the State is not required to search out or assemble information that Court of Claims Act § 11(b) obligates the claimant to allege (see Lepkowski, 1 NY3d at 208), the claim here contains sufficient information for the State to ascertain which weeks it could have violated the FLSA by failing to pay each individual claimants the overtime owed (see e.g. Williams v State of New York, 238 AD3d 963, 964 [2d Dept 2025]; see also Johnson, 2025 NY Slip Op 25284[U]).

As to the second order on appeal, the Court of Claims properly denied the motion for leave to file late claims, as the State's limited waiver of immunity from FLSA suits is "conditioned upon a claimant's compliance with the limitations on the waiver, including the relevant filing deadlines" (Alston v State of New York, 97 NY2d 159, 163 [2001]). Claimants failed to present a sufficient justification for not filing the claim within six months of the first violations in January 2022 or January 2023 (id.).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026