Billy W. LAMON; Paul E. Pagacz; Ronald W. Ward; Donald Foltz; Michael G. McCoy; Larry Evans; John England; Mark W. Hein; Don B. Gamblin, Jr.; Franklin K. Sullivan; Mark A. Ashurst; Paul F. Arnold; Terry P. Lawson; Randy A. Peddicord; and Thomas F. Carney, Plaintiffs,

v.

CITY OF SHAWNEE, KANSAS, Defendant.

Civ. A. No. 88–4200–S.

United States District Court, D. Kansas.

Jan. 4, 1991.

Les E. Diehl, Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for plaintiffs.

Marvin E. Rainey, Marvin E. Rainey & Associates, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion of plaintiffs Billy W. Lamon, *et al.* for the award of damages. Also before the court is defendant's motion for a new trial or to alter, amend, or vacate the judgment; or in the alternative for a judgment notwithstanding the verdict. This is a case brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Kansas Minimum Wage and Maximum Hour laws, K.S.A. 44–1201 *et seq.* On October 22, 1990, a jury verdict for plaintiffs was entered on the issue of compensability of meal periods under the FLSA. The jury further found that defendant had established a 28–day work period which partially exempts defendant from paying overtime compensation at a rate of one and one-half times plaintiffs' regular hourly wages for hours worked from 160 to 171 per 28–day work period.

*Plaintiffs' Motion for the Award of Damages*

The remaining issue before the court is what amount of damages are owed to plaintiffs. Upon examination of the parties' memoranda, the court finds that no hearing is necessary to resolve the issue of damages. In its response to plaintiffs' "Statement of Damages," defendant continues to challenge the issue of liability for its failure to pay plaintiffs compensation for meal periods. The primary issue which defendant contests is whether meal periods are compensable under the FLSA when defendant has established a 28–day work period as found by the jury. Defendant argues that under the FLSA there is no requirement that plaintiffs be paid their rate of regular compensation for hours worked beyond 160 in a 28–day period. Defendant premises its argument on the fact that it has established a work period of 28 days, and the fact that defendant pays plaintiffs overtime compensation for hours worked beyond 171 hours in a 28–day period. Accordingly, defendant asserts that unless plaintiffs work 171 hours or more, the 11 hours between 160 and 171 are not compensable under the FLSA. Defendant further argues that its failure to compensate plaintiffs for these hours is not a violation of the overtime provisions of the FLSA.

The court rejects defendant's interpretation of the law. Initially, the court notes that the FLSA was adopted by Congress as remedial legislation. Consequently, a restrictive interpretation of the FLSA is contrary to congressional intent. *Hodgson v. University Club Tower, Inc.*, 466 F.2d 745, 746 (10th Cir.1972) ("it must be liberally construed 'to apply to the furthest reaches consistent with congressional direction'" *Id.* (quoting *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959)). Furthermore, the court finds direction in regulations promulgated by the Department of Labor. As this court has stated before, the interpretation of an administrative agency charged with issuing regulations pursuant to a federal law has been held to be "entitled to great weight and the Court may properly resort to them for guidance." *Wirtz v. Healy*, 227 F.Supp. 123, 130 (N.D. Ill.1964). *See also Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944).

■ In looking to the relevant regulatory provisions, the FLSA requires compensation for meal periods, notwithstanding the defendant's adoption of a 28–day work period. The relevant regulatory provision provides in pertinent part:

(b) Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as all other time during which the employee is suffered or permitted to work for the employer.

29 C.F.R. § 553.221. Thus, any time spent working is compensable. Further direction may be found as follows:

(b) If a public agency elects to use the section 7(k) exemption, the public agency may, in the case of law enforcement personnel, exclude meal time from hours worked on tours of duty of 24 hours or less, provided that the employee is *completely relieved from duty during the meal period,* and all the other tests in § 785.19 of this title are met. (emphasis added).

29 C.F.R. § 553.223. The jury specifically found that plaintiffs were not completely relieved of their duties during meal periods. Therefore, plaintiffs are entitled to compensation under the FLSA. The jury further found that defendant has established a 28–day work period; thus, the rate of compensation owed for these hours, although hours worked in excess of 40 per week, is at plaintiffs' regular hourly rate.[1] Consequently, defendant has failed to compensate plaintiffs for their meal periods as required by the FLSA.

The court finds that plaintiffs' method of calculating the actual damages suffered by the police officers in this case is correct. Therefore, the actual damages to be awarded in this case can be calculated by the number of hours each plaintiff has not been compensated for meal periods, multiplied by each plaintiff's regular hourly rate of pay. Accordingly, the court adopts plaintiffs' statement of actual damages totaling $90,614.37, as calculated by their accountant Susan E. Tucker.

*Liquidated Damages*

■ In addition to actual damages, plaintiffs seek the award of liquidated damages in a sum equal to the amount of actual damages. Under 29 U.S.C. § 216(b),[2] this court must award liquidated damages in addition to actual damages for violations of the FLSA. "The only instance where a court may exercise discretion in not awarding liquidated damages is when an employer shows that its action was in good faith and that it had reasonable grounds for believing the failure to pay overtime compensation was not a violation of the FLSA." *Crenshaw v. Quarles Drilling Corp.,* 798 F.2d 1345, 1351 (10th Cir.1986). Thus, unless the City of Shawnee demonstrates that its actions were in good faith and that it had reasonable grounds for believing that its act or omission was not a violation of the Act, the court must award liquidated damages. The employer has the burden of demonstrating both elements. *Doty v. Elias,* 733 F.2d 720, 725–26 (10th Cir.1984). If the employer cannot convince the court of both of these elements, an

---

**1.** The court notes defendant's extensive briefing of its argument that there is no express requirement under the FLSA that plaintiffs be paid for the hours between 160 and 171 which are statutorily exempt from the normal requirement that these hours are compensable at an overtime rate. However, the court finds defendant's argument to be unreasonable in view of the remedial purpose of FLSA. The court finds the requirement that plaintiffs be paid compensation at their regular hourly rate to be implicit in the framework of the FLSA. The court further notes that defendant has conceded that if plaintiffs work more than 171 hours, hours worked between 160 and 171 are compensable at plaintiffs' normal hourly rate. The court finds there to be no principled reason for the requirement that plaintiffs work over 171 hours before they are entitled to be paid for time spent working between 160 and 171 hours.

**2.** Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount as liquidated damages.... 29 U.S.C. § 216(b).

award of liquidated damages is mandatory. *EEOC v. Shelby County Gov't. Bd. of County Comm'rs.,* 707 F.Supp. 969, 987 (W.D.Tenn.1988) (quoting *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429 (D.C.Cir.), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978)). Although the issue of defendant's "good faith" is subjective, whether an employer had reasonable grounds for its actions is judged by an objective standard. *Marshall v. Brunner,* 668 F.2d 748, 753 (3d Cir.1982).

■ Upon review of the record in this case, the court finds that defendant has not met its burden of showing that it acted in good faith and had reasonable grounds for believing that its failure to compensate police officers for their meal periods did not violate the Act. First, the court finds that defendant had been advised by its attorney in a letter dated November 11, 1985, that meal periods were compensable regardless whether the defendant established a 28-day work period pursuant to 29 U.S.C. § 207(k). In fact, the letter stated:

> It is our opinion that because the officer is subject to immediate call during his lunch period, that period is compensable whether the department selects 7(k) or nct. The officer is not authorized to leave the City and must be ready to respond.

Evidence which defendant offers in support of its alleged good faith includes a memorandum from Police Chief Stump to Gary Montague dated January 9, 1986. In this memorandum, Police Chief Stump stated, "[i]t is the Department's opinion that by establishing a (sic) 'uninterrupted lunch break' and making every effort not to call the officer on his lunch break unless it is an emergency, this will surpass and meet the standards of the Fair Labor Standards Act." (Defendant's Exh. 411). However, in a memorandum from Major Hall to Police Chief Stump, dated January 17, 1986, Major Hall stated, "I also took the double precaution of specifying a ½ hour lunch which I specifically neglected to state was paid. This would allow us to claim the 8½ hour work day was actually only 8 hours if we excluded the lunch period." (Defendant's Exh. 413). This statement indicates that defendant anticipated paying plaintiffs only eight hours for an eight and one-half hour work day. Thus, the court is unpersuaded that defendant exercised good faith in electing not to pay plaintiffs for their meal periods.[3]

Defendant further argues that it had a reasonable ground for believing plaintiffs' meal periods were not compensable. Defendant bases this assertion on its conclusion that much confusion initially surrounded the recently enacted § 207(k) exemption for law enforcement officers. Defendant may be correct in this assertion. However, as stated by the Tenth Circuit Court of Appeals in *Sinclair v. Automobile Club of Oklahoma, Inc.,* 733 F.2d 726, 730 (10th Cir.1984) (citations omitted), "[a]n employer's ignorance of the Act or its requirements is not a reasonable ground for believing that it was in compliance." Furthermore, in order for a court to exercise its discretion under 29 U.S.C. § 260, the employer must convince the court that it acted in "good faith *and* that he had reasonable grounds for believing he did not violate the Act." *Id.* Because the court is not convinced that defendant exercised good faith, and because the court finds that defendant's ignorance of the requirements of the Act is not a reasonable ground for believing it was in compliance, the court

---

**3.** Other evidence which the defendant offers in support of its good faith includes a letter from Ronald N. Dean, Assistant Regional Administrator for the Employment Standards Administration, Wage and Hour Division of the Department of Labor. Defendant's Response to Plaintiffs' Motion for Damages, Attachment 6. In this letter, Mr. Dean advises the City of El Dorado, Kansas, that "duty-free lunch periods may be deducted from compensable hours of work for law enforcement personnel for whom the 7(k) exemption is claimed." Defendant contends that Mr. Dean's letter indicates that it was the generally accepted conclusion that meal periods were not compensable. Defendant's argument misses the mark. This letter which defendant asserts demonstrates that meal periods were considered to be noncompensable if they are "duty-free" lunch periods. In this case, the jury found that plaintiffs' lunch periods are not "duty-free." Therefore, this letter does not offer support for defendant's position that it had acted in good faith reliance on such letter rulings.

finds that defendant has failed to carry its burden of persuasion. Thus, the court must award plaintiffs liquidated damages in an amount equal to the actual damages suffered by plaintiffs ($90,614.37) pursuant to 29 U.S.C. § 216(b).

*Attorneys' Fees and Costs*

■ Finally, plaintiffs seek the award of attorneys' fees and costs pursuant to Section 16(b) of the Act. This statutory provision provides:

> The court in such actions shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by defendant and costs of the action.

Thus, in accordance with this statutory provision, the award of attorneys' fees and costs is mandatory. *See Wright v. U–Let–Us Skycap Serv., Inc.,* 648 F.Supp. 1216, 1218 (D.Colo.1986). Discretion only exists in this matter in regard to the amount and the reasonableness of the fee. *Birbalas v. Cuneo Printing Industries, Inc.,* 140 F.2d 826, 828 (7th Cir.1944).

■ Initially, defendant asserts that plaintiffs have failed to comply with Local Rule 220 of the District of Kansas. This rule requires the moving party, the plaintiffs, to "first advise the court in writing that after consultation the parties are unable to reach an agreement with regard to the fee...." Rule 220 D.Kan. The court finds that although plaintiffs have not technically complied with this rule, it is obvious from the letters of correspondence between the parties, copies of which accompany plaintiffs' reply, that they are unable to reach an agreement regarding the fee. Accordingly, the court will proceed to address plaintiffs' claim for attorneys' fees.

■ Defendant contends that plaintiffs are not the prevailing party. Plaintiffs are considered to be the prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). In this case, plaintiffs clearly have prevailed on the issue of compensability of meal periods. Moreover, the significance of the issue of compensation for meal periods is demonstrated by the substantial amount of actual damages suffered by plaintiffs, as discussed *supra.* Accordingly, this court finds that the patrol officers are the prevailing parties, and therefore, are entitled to a statutory award of attorneys' fees.

Defendant seeks a reduction in the amount of attorneys' fees sought to be awarded to plaintiffs. In *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939, the Supreme Court addressed the issue of reasonable attorneys' fees recoverable pursuant to 42 U.S.C. § 1988. Although plaintiffs seek attorneys' fees pursuant to 29 U.S.C. § 216(b), this court finds *Hensley* to provide guidance. The *Hensley* Court stated that reasonable hourly rates times a reasonable number of hours equals a reasonable amount of attorneys' fees. *Id.* The Court then identified two considerations which must be weighed to determine whether attorneys' fees are reasonable. *Id.* at 434, 103 S.Ct. at 1939–40. The first factor is the results achieved. *Id.* The second is whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* Defendant contends once again that because plaintiffs did not prevail on all of their claims, they are not entitled to recover the total amount of attorneys' fees incurred while litigating their claims.

In *Hensley,* the Supreme Court recognized that in suits which involve a "common core of facts" that "it [may be] difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435, 103 S.Ct. at 1940. Instead, the Court stated that the district court's focus should be directed to "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* Applying this reasoning, the court finds the attorneys' fees which plaintiffs seek to recover are reasonable in terms of the hourly rates sought and the overall amount of time spent in litigating plaintiffs' claims. Initially, the court notes that this case does involve a "common core

of facts." This common core revolves around the issue of overtime compensation for hours worked beyond a regular eight hour day. Further, the court finds that the distinct legal claims of plaintiffs under the Kansas Minimum Wage and Maximum Hour laws are essentially parallel claims to those under the FLSA. Moreover, the failure of plaintiffs to prevail on alternative legal grounds, *i.e.*, breach of contract, does not mean that plaintiffs' recovery of legal fees should be reduced. As stated by the Supreme Court, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome...." *Id.* at 435, 103 S.Ct. at 1940. Indeed, plaintiffs have recovered for their meal periods on a different theory, *i.e.*, under the FLSA. Accordingly, the court will award plaintiffs attorneys' fees as stated in Plaintiffs' Reply to Defendant's Response to Plaintiffs' Memorandum in Support of Damages, Exhibit C.

■ Finally, plaintiffs have moved the court to award costs in the amount of $9,330.91 pursuant to § 216(b). Plaintiffs' request for costs include reproduction costs, court costs, and witness fees. Generally, "[c]osts under fee-shifting statutes such as the FLSA include all reasonable out-of-pocket expenditures." *Shorter v. Valley Bank & Trust Co.*, 678 F.Supp. 714, 726 (N.D.Ill.1988) (citations omitted). The Tenth Circuit Court of Appeals has recognized that in actions in which the prevailing party may recover attorneys' fees pursuant to statute, the prevailing party may recover those reasonable "out-of-pocket costs not normally absorbed as part of law firm overhead....". *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir.1983).

■ The court finds that the amounts billed by plaintiffs' accountant, Susan E. Tucker, are reasonable costs necessarily incurred to determine the amount of damages recoverable by plaintiffs. The court further finds that the remaining costs incurred by plaintiffs, namely reproduction costs, court costs, witness fees and costs incurred in taking depositions are reasonably necessary and are costs which would not normally be absorbed as overhead by law firms in this area. Thus, the court will award plaintiffs' requested amount of $9,330.91 as reasonable out-of-pocket costs pursuant to 29 U.S.C. § 216(b).

*Defendant's Motion for a New Trial, to Alter or Amend the Verdict; or in the Alternative for Judgment Notwithstanding the Verdict*

Defendant has moved the court for a new trial, to alter or amend or vacate the judgment, or in the alternative, for a judgment notwithstanding the verdict. Rules 59(a) and (e) of the Federal Rules of Civil Procedure.

■ Generally, motions for a new trial are committed to the discretion of the district court. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Brownlow v. Aman*, 740 F.2d 1476, 1491 (10th Cir.1984). In reviewing a motion for a new trial, the court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equip.*, 464 U.S. at 553, 104 S.Ct. at 848. "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir.1983). The alleged trial court errors must be prejudicial and clearly erroneous, rather than harmless. Also, no error in the admission or exclusion of evidence, and no error in any ruling or order of the trial court or anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties. *Rasmussen Drilling, Inc. v. Kerr–McGee Nuclear Corp.*, 571 F.2d 1144, 1148–49 (10th Cir.), *cert. denied*, 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978); Fed.R.Civ.P. 61.

Defendant contends that the trial court erroneously used an improper jury instruction. Specifically, defendant challenges the court's instruction No. 10 which states, "[t]o qualify as a bona fide meal period, the employee must be completely relieved from duty for the purposes of eating regular

meals." Defendant is merely reasserting its previous arguments which were rejected in this court's Memorandum and Order filed October 4, 1990, which denied defendant's motion for summary judgment. The court once again rejects defendant's argument. This instruction utilized by the court is basically derived from the definition of a bona fide meal period promulgated in 29 C.F.R. § 785.19. Further, the court finds that this is the appropriate standard to determine whether plaintiffs are entitled to compensation for their meal periods under the FLSA. *See Nixon v. City of Junction City, Kan.,* 707 F.Supp. 473, 479 (D. Kan.1988); *Wahl v. City of Wichita,* 725 F.Supp. 1133, 1139 (D. Kan. 1988).

■ Defendants next contend that errors were made in instructions to the jury because "[i]nstructions No. 8, No. 10 and 12a are so inconsistent and contradictory that the jury had no opportunity to realize their proper role in deciding this case." Defendant's Memorandum in Support, Doc. 109, at 6. In evaluating defendant's arguments, the court must determine from "all that the jury heard and, from [the] standpoint of the jury, decide not whether the charge was faultless in every particular but whether it had [an] understanding of its issues and its duty to determine the issues." *White v. American Airlines, Inc.,* 915 F.2d 1414, 1420 (10th Cir.1990) (quoting *Big Horn Coal Co. v. Commonwealth Edison Co.,* 852 F.2d 1259, 1271 (10th Cir.1988)).

The court notes that this is the first time that defendant has objected to instructions 8 and 12a. "Absent fundamental and highly prejudicial error, an unobjected to charge may not be disturbed, on motions for new trial." *Stephenson v. College Misericordia,* 376 F.Supp. 1324, 1326 (M.D. Pa.1974). Nonetheless, the court will address defendant's arguments. First, defendant asserts these two instructions are inconsistent and the jury had no way of reconciling the two in order to determine what its duties were. The court finds that despite a slight inconsistency between instructions 8 and 12a, the jury was provided with an ample understanding of the law, *i.e.,* under the FLSA, meal periods are compensable if plaintiffs are found to be working. Moreover, any inconsistencies between instructions 8 and 12a were remedied by supplemental instructions given to the jury during their deliberations. Further, the court finds that such supplemental instruction did not "coerce a verdict as to require a new trial." *Copley v. Stone,* 75 F.Supp. 203, 209 (W.D.S.C.1947). In conclusion, the court finds that no prejudicial error was committed in the instructions given by the court. Thus, defendant's motion for a new trial, to alter or vacate the judgment will be denied.

■ In the alternative, defendant has moved the court to grant a judgment notwithstanding the verdict. In reviewing a motion for judgment notwithstanding the verdict, the district court may grant the motion only if the facts and inferences in the case point so strongly and overwhelmingly in favor of one party that the court should find that reasonable persons could not arrive at a contrary verdict. *Downie v. Abex Corp.,* 741 F.2d 1235, 1238 (10th Cir. 1984). That is, the question is not whether there exists no evidence supporting the party against whom the motion is directed, but whether there is any evidence upon which the jury could properly find a verdict for that party. *K–B Trucking Co. v. Riss Int'l. Corp.,* 763 F.2d 1148, 1163 (10th Cir. 1985). Furthermore, in considering the motion, the trial judge must consider all the evidence and the reasonable inferences therefrom in the light most favorable to the party against whom the motion is directed. *Downie,* 741 F.2d at 1238.

■ In viewing the evidence in the light most favorable to plaintiffs, the court finds that there is ample evidence in the record from which reasonable persons could conclude that plaintiffs' meal periods were compensable as work time. Evidence presented at trial by individual plaintiffs supports the conclusion, that although plaintiffs left their primary job responsibility, plaintiffs were subject to call and were subject to interruptions, so that they were not "completely relieved of duty" for pur-

poses of the FLSA. Moreover, evidence was presented that some plaintiffs performed paper work for the defendant during their meal periods taken at the police station. Thus, the court finds that evidence exists in the record upon which a reasonable trier of fact could find for the plaintiffs on the issue of compensability of meal periods.[4] Accordingly, the court will deny defendant's motion for a judgment notwithstanding the verdict.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for the award of damages, attorneys' fees, and costs is granted consistent with the findings contained in this memorandum and order.

IT IS FURTHER ORDERED defendant's motion for a new trial, to alter, amend or vacate the judgment, or in the alternative, for a judgment notwithstanding the verdict is denied.

---

**4.** Defendant once again reasserts its argument that because defendants had adopted a 28–day work period, plaintiffs may not recover under the FLSA for hours worked in excess of 160 and less than 171 per 28–day period. The court once again rejects defendant's assertion.