■ ALBERT M. WOOLLEY III et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 103781.) [750 NYS2d 664]

—Rose, J. Appeals (1) from that part of an order of the Court of Claims (Collins, J.), entered July 12, 2001, which, inter alia, denied claimant's motion to certify the claim as a class action, and (2) from an order of said court, entered October 30, 2001, which, inter alia, granted defendant's motion for summary judgment dismissing the claim.

Claimants are employed by the New York Division of Military and Naval Affairs in the titles of Airport Firefighters I and II at four New York airbases. In February 2001, claimants, on behalf of themselves and others, filed a claim against defendant pursuant to the Fair Labor Standards Act of 1938 (29 USC § 201 *et seq.* [hereinafter FLSA]) seeking compensation for allegedly unpaid sleep and meal times, as well as unpaid overtime. Defendant's memorandum of understanding with the Civil Service Employees Association established claimants' work schedule at 106 hours biweekly, consisting of four 24-hour shifts and one 10-hour shift, which include nine hours of meal time and 32 hours of sleep time. Claimants alleged that their salary for this work does not include compensation for their meal and sleep times in violation of the FLSA, and ultimately moved for certification of their claim as a class action. The Court of Claims denied their motion, and later granted defendant's motion for summary judgment dismissing the claim because claimants failed to allege that their compensation was less than the statutory minimum per-hour wage and because the FLSA firefighter exemption (*see* 29 USC § 207 [k]) requires no overtime pay until claimants' hours exceed 106. Claimants appeal, and we affirm.

The federal courts recognize that "[t]he core rights and

obligations the FLSA creates are the minimum wage levels and entitlement to overtime pay for work above specified maximum hours set forth in 29 USC §§ 206 and 207" (*Braddock v Madison County*, 34 F Supp 2d 1098, 1112; *see Monahan v County of Chesterfield, Va.*, 95 F3d 1263, 1266; *Arnold v State of Ark.*, 910 F Supp 1385, 1392). "Accordingly the Congressional purpose is accomplished so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute * * *" (*United States v Klinghoffer Bros. Realty Corp.*, 285 F2d 487, 490; *see Bolick v Brevard County Sheriff's Dept.*, 937 F Supp 1560, 1568). In addition, "[r]ecognizing the unique nature of the work performed by * * * firefighters, Congress provided a partial exemption to the FLSA's overtime requirements for [them]" (*Monahan v County of Chesterfield, Va., supra* at 1267).

The schedule of maximum hours after which a firefighter must be paid overtime applicable here provides that firefighters subject to a 14-day work period are eligible for overtime only when their hours exceed 106 (*see* 29 CFR 553.230 [c]). As it is uncontroverted that claimants here are subject to this exemption, are paid overtime for working in excess of 106 hours and receive compensation for 106 hours, including meals and sleep time, in excess of the current statutory minimum wage, the Court of Claims properly granted defendant summary judgment (*see Bolick v Brevard County Sheriff's Dept., supra* at 1568).

Claimants' contention that their meal and sleep time is effectively excluded from their compensable time because they are compensated the same as other similar grade state employees who work only 75 to 80 hours per 14-day period is unavailing. Due to the firefighter exemption, the FLSA permits longer hours for firefighters without overtime liability (*see* 29 CFR 553.230). Since their own affidavits establish that they are allowed to include their meal and sleep time during their shifts within their 106 nonovertime hours for which they receive a fixed salary, their claim is distinguishable from those in *Schmitt v State of Kan.* (844 F Supp 1449) and *Lamon v City of Shawnee, Kan.* (754 F Supp 1518, *aff'd in part, revd in part, vacated in part* 972 F2d 1145, *cert denied* 507 US 972; *see Braddock v Madison County, supra* at 1109-1112).

Claimants further contend that it was error for the Court of Claims to deny their application for class action certification. While we perceive no abuse of discretion in the court's ruling (*see Alston v State of New York*, 97 NY2d 159, 163), the issue is nonetheless academic given our determination that defendant's

motion for summary judgment was properly granted (*see Bogdan & Faist v CAI Wireless Sys.*, 295 AD2d 849, 855).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.