Betty L. Kimmel, Respondent, v State of New York et al., Appellants, et al., Defendants. [853 NYS2d 779]—

Memorandum: Plaintiff, a former State Trooper, commenced this action in 1995 alleging that she was subjected to various acts of sexual discrimination, sexual harassment and retaliation and was exposed to a hostile work environment from 1979 to 1994. On appeal from a judgment awarding plaintiff damages after a jury trial, defendants-appellants (defendants) contend that Supreme Court erred in denying that part of their motion pursuant to CPLR 3211 (a) (5) seeking dismissal of the complaint as time-barred insofar as it alleges violations of the Human Rights Law (Executive Law art 15; see CPLR 214 [2]). As a preliminary matter, we note that defendants' appeal from the judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment" (CPLR 5501 [a] [1]; see generally Matter of Aho, 39 NY2d 241, 248 [1976]), and thus we may properly review the contention of defendants with respect to the order denying that part of their motion entered on January 16, 1996. Nevertheless, we reject that contention. Accepting the allegations in the complaint as true and according plaintiff the benefit of every favorable inference, as we must in reviewing that part of defendants' motion pursuant to CPLR 3211 (a) (5) (see 190 Murray St. Assoc., LLC v City of Rochester, 19 AD3d 1116 [2005]), we conclude that the allegations in the complaint do not concern several discrete acts but, rather, they concern a hostile work environment, i.e., "a series of separate acts that collectively constitute one 'unlawful employment practice' " (National Railroad Passenger Corpora-

*tion v Morgan*, 536 US 101, 117 [2002]). We further conclude that plaintiff has alleged a continuing violation based on the allegations of " 'specific and related instances of discrimination [that were] permitted by [defendants] to continue unremedied for so long as to amount to a discriminatory policy or practice,' " and thus the three-year limitations period did not begin to run until the last discriminatory act, which allegedly occurred in December 1994 (*Clark v State of New York* [appeal No. 2], 302 AD2d 942, 945 [2003]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.