■ SHERRIE WEAVER, Claimant, and DAVID SHEPS, Appellant, v STATE OF NEW YORK, Respondent. [918 NYS2d 192]—

Court of Claims Act § 11 (b) provides that a claim filed in the Court of Claims "shall state the time when and place where such claim arose, the nature of same, the items of damage or injuries claimed to have been sustained and, except in an action to recover damages for personal injury, medical, dental or podiatric malpractice or wrongful death, the total sum claimed."

The main issue presented on this appeal is whether, in a class action brought in the Court of Claims, each class member must satisfy the substantive pleading requirements of Court of Claims Act § 11 (b) and be a named claimant in a filed claim.

The weight of Court of Claims authority supports the conclusion reached by the Court of Claims in this case, that class actions brought in the Court of Claims must satisfy all of the jurisdictional requirements set forth in section 11 (b) and that each member must be a named claimant in a filed claim (*see Matter of Arroyo v State of New York*, 12 Misc 3d 1197[A], 2006 NY Slip Op 51606[U] [2006]; *Woolley v State of New York* [Ct Cl, July 2, 2001, claim No. 103781], *affd on other grounds* 299 AD2d 699 [2002]; *Partridge v State of New York* [Ct Cl, May 31, 2000, claim No. 90710]; *Brown v State of New York* [Ct Cl, Aug. 21, 1997, claim No. 86979], *mod on other grounds* 250 AD2d 314, 319-320 [1998]; *cf. Bertoldi v State of New York*, 164 Misc 2d 581 [1995], *affd on other grounds* 275 AD2d 227 [2000]). This conclusion is consonant with the principle that "nothing less than strict compliance with the jurisdictional requirements of the Court of Claims Act is necessary" (*Kolnacki v State of New York*, 8 NY3d 277, 281 [2007]). Indeed, "[a] claim against the State is allowed only by the State's waiver of sovereign immunity and in derogation of the common law" (*Thomas v State of New York*, 57 AD3d 969, 970 [2008], citing *Lichtenstein v State of New York*, 93 NY2d 911, 913 [1999]; *see Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]). The State's waiver of sovereign immunity is not absolute. Rather, it is conditioned upon a claimant's compliance with the limitations set forth in article 2 of the Court of Claims Act, which includes section 11 (b) (*see* Court of Claims Act § 8; *Lepkowski v State of New York*, 1 NY3d 201, 206 [2003]), and "it is for the Legislature, not this Court, to set the terms of the State's waiver of immunity" (*Kolnacki v State of New York*, 8 NY3d at 281).

In light of the foregoing, the Court of Claims properly concluded that it "cannot, without a legislative mandate to the contrary, entertain a claim which fails to satisfy all of the pleading requirements set forth in the Court of Claims Act." Since the class claims in this case fail to satisfy all of the substantive pleading requirements set forth in Court of Claims Act § 11 (b), the Court of Claims properly granted the State's motion pursuant to CPLR 3211 (a) (2) to dismiss those claims (*id.*; *Lepkowski v State of New York*, 1 NY3d 201 [2003]).

The parties' remaining contentions are without merit. Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.