# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

422

CA 11-02596

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

STEWART M. SHUTE, JR., PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

ROBERT MCLUSKY AND MICHAEL BLOOM,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RIEHLMAN, SHAFER & SHAFER, TULLY (JOEL I. ROSS OF COUNSEL), FOR
DEFENDANT-RESPONDENT MICHAEL BLOOM.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered November 4, 2011.  The order directed
that the order entered October 1, 2009 be included in the record for
appeals from judgments entered July 14, 2010 and September 9, 2010 for
informational purposes only.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the second and third
ordering paragraphs and as modified the order is affirmed without
costs.

Memorandum:  As limited by his notice of appeal, plaintiff
contends that Supreme Court erred in granting that part of his motion
to settle the record on the appeal from a judgment, denominated order,
granting summary judgment on the counterclaims of Robert McLusky
(defendant) to include a previous order dated October 1, 2009
(previous order) "*for informational purposes only*, so that the
Appellate Division can have a full and complete record upon which to
make [its] determinations" (emphasis added).  By that previous order,
the court granted defendants' respective motion and cross motion for
summary judgment dismissing certain claims in the complaint.  The
court determined that the previous order was a final order and thus
not reviewable on the appeal to this Court from the judgment granting
the motion of defendant for summary judgment on the counterclaims
(*Shute v McLusky* [appeal No. 2], ___ AD3d ___ [June 8, 2012]).  We
agree with plaintiff that the court erred in limiting the inclusion of
the order "for informational purposes only."  We therefore modify the
order accordingly.

Both plaintiff and defendant are the beneficiaries of the will of

Jean M. Miller.  Plaintiff inherited a wooded parcel (Lot 3), and defendant inherited two parcels.  One of defendant's parcels, i.e., Lot 1, borders Lot 3, and the second parcel is bordered on the east by Lot 1 and on the north by other property owned by plaintiff and thus is landlocked.  The complaint sought damages, inter alia, for trees that were cut and removed from Lot 3, while the counterclaims sought to establish defendant's right-of-way over land owned by plaintiff, pursuant to RPAPL 1501.  The court granted defendants' respective motion and cross motion for summary judgment dismissing the claims in the complaint seeking damages with respect to the trees, but retained a claim for damages for trespass related to piling stones on Lot 3.  That claim was later transferred to Town Court by stipulation of the parties and was thereafter resolved.

We conclude that the order granting defendants' respective motion and cross motion for summary judgment dismissing the claims regarding the trees is reviewable on appeal as a nonfinal order from the subsequent judgment on the counterclaims (see CPLR 5501 [a] [1]; RPAPL 1521 [1]).  Because the order dismissing the claims regarding the trees "expressly contemplated further nonministerial proceedings to determine civil penalties," i.e., damages for trespass regarding the stones, the order was, by its terms, nonfinal (Lake George Parks Commn. v Salvador, 72 AD3d 1245, 1247, lv denied 15 NY3d 712; see Burke v Crosson, 85 NY2d 10, 17; see generally Kimmel v State of New York, 49 AD3d 1210, 1210, lv dismissed 11 NY3d 729).  Furthermore, inasmuch as the claims contained in both the complaint and the counterclaims are derived from the same source, i.e., the will, the claims contained in the complaint "arise out of . . . the same legal relationship as the unresolved [claims contained in the counterclaims]" (Burke, 85 NY2d at 16).  Thus, we further conclude that the court erred in determining that the doctrine of implied severance, which is a "very limited exception to the general rule of nonfinality," applies here (id.).

Entered:  June 8, 2012                        Frances E. Cafarell
                                              Clerk of the Court