In the Matter of BEATRICE LOZADA, Petitioner, v ELMONT HOOK AND LADDER COMPANY NO. 1 et al., Respondents. [54 NYS3d 688]—

Proceeding pursuant to Executive Law § 298 and CPLR article 78 to review so much of a determination of the Commissioner of the New York State Division of Human Rights dated January 16, 2015, as, after a hearing, adopted the findings of the Adjudication Counsel of the New York State Division of Human Rights dated November 25, 2014, that the petitioner's hostile work environment claim based on allegations of sexual harassment was time-barred pursuant to Executive Law § 297 (5), and dismissed the administrative complaints.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs to the Elmont Hook and Ladder Company No. 1, payable by the petitioner.

The petitioner, a former volunteer firefighter with the respondent Elmont Hook and Ladder Company No. 1 (hereinafter Elmont), filed administrative complaints against Elmont with the New York State Division of Human Rights (hereinafter DHR), alleging, inter alia, that she was subjected to a hostile work environment premised upon sexual harassment. After a hearing, the Adjudication Counsel of the DHR determined that while the acts of sexual harassment that occurred during the petitioner's early tenure with Elmont "clearly" constituted a hostile work environment, the acts in question occurred outside of the applicable one year statute of limitations period pursuant to Executive Law § 297 (5). It further determined that the petitioner failed to establish a continuing violation, and thus concluded that the hostile work environment claim was time-barred. In a determination dated Janauary 16, 2015, the Commissioner of the DHR adopted the findings. Thereafter, the petitioner commenced this proceeding, challenging so much of the Commissioner's determination as adopted the finding that her hostile work environment claim based upon sexual harassment was time-barred.

Generally, judicial review by this Court of a determination rendered by an administrative body following a hearing is limited to whether it is supported by "substantial evidence" (*Matter of Alegre Deli v New York State Liq. Auth.*, 298 AD2d 581, 582 [2002]). "However, such an administrative determination is arbitrary and capricious when it exceeds the agency's statutory 'authority or [is made] in violation of the Constitution or laws of this State'" (*Matter of Lipani v New York State Div. of Human Rights*, 56 AD3d 560, 561 [2008], quoting *Matter of Pasieka v New York City Tr. Auth.*, 31 AD3d 769, 770 [2006]).

A hostile work environment claim is subject to a one-year statute of limitations (*see* Executive Law § 297 [5]; *Matter of Queensborough Community Coll. of City Univ of N.Y. v State Human Rights Appeal Bd.*, 41 NY2d 926 [1977]). However, a hostile work environment claim, by its very nature, is predicated on a series of separate acts that collectively constitute an unlawful discriminatory practice (*see National Railroad Passenger Corporation v Morgan*, 536 US 101, 117 [2002]). Thus, under the "continuing violation" doctrine, even though one of those acts might have occurred outside of the limitations period, the claim will be considered to be timely as long as one of the acts occurred within the limitations period (*id.* at 117-118). "[A] continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where

specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice" (*Clark v State of New York*, 302 AD2d 942, 945 [2003]; *see Kimmel v State of New York*, 49 AD3d 1210 [2008]; *Cornwell v Robinson*, 23 F3d 694, 704 [2d Cir 1994]). Based upon this doctrine and the nature of a hostile work environment claim, "[i]n the case of a hostile work environment claim, the statute of limitations requires that only one sexually harassing act demonstrating the challenged work environment occur within [the statutory period]" and that "once that is shown, a court . . . may consider the entire time period of the hostile environment in determining liability" (*Strauss v New York State Dept. of Educ.*, 26 AD3d 67, 69 [2005] [internal quotation marks omitted]; *see Petrosino v Bell Atl.*, 385 F3d 210, 220 [2d Cir 2004]).

Contrary to the petitioner's contention, here, a review of the record demonstrates that the Commissioner's determination that she failed to establish a continuing violation, such that the sexual harassment based hostile work environment claim was time-barred, is supported by substantial evidence and is not arbitrary and capricious. While the petitioner established at the hearing a hostile work environment premised upon incidents of sexual harassment, those incidents occurred outside the limitations period, and she failed to prove that a specified related incident took place within the limitations period, which would have invoked the continuous violation doctrine (*cf. Fitzgerald v Henderson*, 251 F3d 345 [2d Cir 2001]). Hence, we discern no basis to disturb the Commissioner's determination. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.