Edwards v State of New York (2025 NY Slip Op 25061)

[*1]

Edwards v State of New York

2025 NY Slip Op 25061

Decided on February 10, 2025

Court Of Claims

Marnin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 10, 2025
Court of Claims

Daneel Edwards, DEVON JONSON, EDWIN MADDEN, EMIL GODING, SHYTUAN BREAZIL, Claimants,

against
The State of New York, Defendant.

Claim No. 142157

For Claimants:
DEVON JONSON, PRO SE
EDWIN MADDEN, PRO SE 
EMIL GODING, PRO SE and
SHYTUAN BREAZIL, PRO SE
For Defendant:
HON. LETITIA JAMES, NEW YORK STATE ATTORNEY GENERAL
By: Dorothy M. Keogh, Esq.
Assistant Attorney General
 
Seth M. Marnin, J.

Claimants Devon Jonson, Edwin Madden, Emil Goding, and Shytuan Breazil (collectively referred to as "claimants")[FN1]
 each filed and served an identical claim seeking to proceed as a class on behalf of themselves and approximately 1500 other incarcerated individuals incarcerated by the Department of Corrections and Community Supervision ("DOCCS"). The claim describes a campaign by DOCCS correction officers, commencing in [*2]February 2020 and continuing to the date of filing, to degrade, humiliate, and instill fear in individuals incarcerated at Sing Sing Correctional Facility. The claimants allege that they were subjected to unauthorized invasive, aggressive, and unreasonable cell searches and strip frisks and assert causes of action for the "Tort of Battery" and "strict liability," maintaining that the State was responsible for their officers' tortious acts.
Defendant filed a pre-answer motion to dismiss the claims pursuant to CPLR 3211 (a) (2) and Court of Claims Act § 11 (b) contending that, individually and collectively, the claims fail to state a cause of action and that this Court lacks subject matter jurisdiction over the claim. The State argues that claimants failed to take the prerequisite steps to bring a class action claim on behalf of themselves and others similarly situated but instead merely recited the prerequisites for a class action but did not establish the prerequisites to certify the class.[FN2]
 The State further argues that the claims fail to comply with the pleadings requirements of Court of Claims Act § 11 (b). Specifically, the State contends, claimants failed to sufficiently identify the time when and the place where the claims accrued and failed to name the class members. The State also argues that the claims were untimely. Finally, defendant maintains that the Court lacks subject matter jurisdiction over the Constitutional claims.
In reply, the claimants collectively opposed the motion to dismiss and cross-moved to amend their claims and for an order granting class certification pursuant to CPLR 902. The amendments to the claims primarily addressed the prerequisites to a class action. The defendant opposes the cross-motions.
Although separate claim numbers, motion numbers, and cross-motion numbers were assigned to each claim, motion, and cross-motion by the Clerk of the Court of Claims, the Court elects to address the claims and motions collectively in this decision since the filings raise identical causes of action and defenses and does so in the interest of judicial economy.
Motions to Dismiss Claims
It is well established that the State's waiver of its sovereign immunity is conditioned upon claimant's satisfaction of the legislatively mandated pleading requirements set out in the Court of Claims Act § 11 (b). A claim must set forth the time when and the place where the claim arose and the nature of the claim. (Court of Claims Act § 11 [b].) Court of Claims Act § 11 (b) requirements are to ensure there is sufficient information provided to allow the State to investigate the claim and assess its liability. Enabling the defendant to investigate the claim promptly and ascertain its liability is the "guiding principle" that informs section 11 (b). (Martinez v State of New York, 215 AD3d 815, 817 [2d Dept 2023] quoting Lepkowski v State of New York, 1 NY3d 201, 207 [2003].)
It is also well settled that when reviewing a motion to dismiss pursuant to CPLR 3211 on the ground that the claim fails to state a cause of action, the pleading is to be afforded a liberal construction. (See CPLR 3026; see also Leon v Martinez, 84 NY2d 83, 87-88 [1994].) In deciding the motion, the Court must deem the allegations in the claim to be true and give the claimant "the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (Id.; see Morone v Morone, 50 NY2d 481, [*3]484, [1980]; Rovello v Orofino Realty Co., 40 NY2d 633, 634, [1976].) Therefore, the question before the Court when considering a motion to dismiss is "whether the proponent of the pleading has a cause of action, not whether he has stated one." (Leon, 84 NY2d at 88, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see also Dee v Rakower, 112 AD3d 204, 208 [2d Dept 2013].)
The Court has carefully reviewed each claim and finds that the individual claims of Mr. Jonson and Mr. Madden fail to meet the pleading requirements of Court of Claims Act § 11 (b) because they did not sufficiently identify when the alleged incidents occurred. The claim stated that Mr. Jonson was awakened and subjected to an unauthorized strip frisk at 12:30 AM and that Mr. Madden was awakened and subjected to an unauthorized strip frisk at approximately 3:15 — 4:30, but neither identified on what date(s) these incidents happened. (Claim at 4 - 5,[FN3]
 ¶¶ 24 — 27.) A claim that does not include information about the "time when" a claim accrued that is sufficient to permit the defendant to investigate the claim leaves the Court with no alternative but to dismiss these individual claims. (Lepkowski, 1 NY3d at, 207 ), see Kolnacki v State of New York, 8 NY3d 277, 281 [2007], rearg denied 8 NY3d 994 [2007]; see also Pomeroy v State of New York, UID No. 2022-018-301 [Ct Cl, Fitzpatrick, J., Feb. 1, 2022].)[FN4]

In contrast, the Court finds that Mr. Breazil has sufficiently pled an individual tort claim. The claim, read in its entirety, identifies the time when the claim accrued, the place where the claim accrued, and adequately describes the nature of the claim. Mr. Breazil alleged that on March 22, 2024 at approximately 1:20 a.m. Correction Officer (C.O.) Gonzalez and C.O. Cunningham startled him awake and conducted an unauthorized strip frisk and search. The claim asserts that the unauthorized strip frisk and search were in violation of a departmental directive, that DOCCS was on notice that these unauthorized strip frisks were occurring, that DOCCS had failed to remedy abusive behavior, and that he was harmed by the C.O.s' conduct. (Claim at 3 - 4, ¶¶ 14 — 15, 17 — 20; and 5 — 6, ¶¶ 30 - 33.) He maintains that the C.O.s' unauthorized actions, startling him awake at 1:20 a.m., caused an anxiety attack that resulting in him vomiting and passing out and ultimately being transported to the hospital, in addition to ongoing mental distress and humiliation that he continues to experience. (Claim at 5 - 6, ¶¶ 30 - 33.)
Defendant argues repeatedly that Mr. Breazil failed to state a cause of action. The State maintains that Mr. Breazil alleged no wrongdoing on the part of the defendant[FN5]
 (affirmation of defendant's counsel at 28, ¶ 89; 30, ¶¶ 94 and 96; 31 - 32, ¶¶ 99, 101, and 102) and further argues that "[i]t is impossible to tell from the lack of factual allegations in the Verified Claim what wrongful acts on the part of State officials or employees form the basis of the claim." (Id. at 29, [*4]¶ 91.) No matter the number of times the State repeats the same argument, the Court finds it unpersuasive.
As discussed above, the proper inquiry here is whether the claimant has a cause of action, not whether it is properly stated. (Hawkins v McCluskey, 79 AD2d 853, 854 [4th Dept 1980].) Although the claimant must ultimately prove that physical conduct placed him in imminent apprehension of harmful contact to establish a cause of action for assault (Bastein v Sotto, 299 AD2d 432, 433 [2d Dept 2002]; Charkhy v Altman, 252 AD2d 413 [1st Dept 1998]), whether he can ultimately prove his claim is not part of the calculus in determining a motion to dismiss. (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). Read in its entirety, the claim provides enough information to give "an indication of the manner in which the claimant was injured and how the State was negligent, or enough information so that how the State was negligent can be reasonably inferred." (Martinez, 215 AD3d at, 817 quoting Rodriguez v State of New York, 8 AD3d 647, 647 [2d Dept 2004].)
The purpose of the substantive pleading requirements is to provide defendant with sufficiently detailed information to enable it to timely investigate and evaluate whether and to what extent it is liable. (Id.) As explained above, enabling the State to investigate the claim is the "guiding principle" that informs section 11 (b). Defendant does not argue that it was unable to investigate claimant's allegations or that it was otherwise prejudiced by the sufficiency of detail in the claim. (Johnson v State of New York, 81 Misc 3d 1217[A], 2023 NY Slip Op 51361[U], *2 [Ct Cl 2023].) Therefore, the State's motion to dismiss Mr. Breazil's claim is denied.
Mr. Goding's allegations also meet the pleadings requirements of Court of Claims Act § 11 (b) in that they sufficiently identified the "time when" (October 16, 2022 at 2:40-3:05 a.m.), the "place where" (his cell at Sing Sing Correctional facility), and the nature of the claim (unauthorized full body strip frisk). (Claim at 5, ¶¶ 28 — 29.) However, as defendant argues, Mr. Goding did not serve a notice of intention or claim within 90 days. (Affirmation of defendant's counsel at 26 — 27, ¶¶ 82 — 85.)
Although the allegations implicitly acknowledged that Mr. Goding's claim was not served within 90 days of its accrual, claimants have invoked the continuing violation doctrine, arguing that it tolls the running of the time limitations to file a claim in the Court of Claims. (Claim at 3, ¶ 16.) The Court understands claimants to be arguing that because at least one of the claimants has brought his claim within 90 days of its accrual, and because all the claimants describe a continuing violation (unauthorized, abusive strip frisks and cell searches that constitute assault or battery), the acts that occurred outside of the 90-day window should be considered timely. The State does not address the continuing violation doctrine or how it may or may not apply to Mr. Goding's claim.
The continuing violation doctrine has been applied to toll the running of the statute of limitations in the Court of Claims. The Courts that have considered the continuing violation doctrine have primarily distinguished between the continuation of unlawful acts, which toll the running of time limitations, and the continuation of the effects of earlier unlawful conduct, which do not toll time limitations. (See, e.g., Selkirk v State of New York, 249 AD2d 818, 819 [3d Dept 1998].) Here, claimants are arguing the former, that the unlawful acts themselves have continued. However, courts have not considered the application of the continuing violation doctrine in the context of a multiparty or class action claim where the claimants are relying on one individual's or class member's timely claim to toll the statute of limitations for another party's claim.
Under the continuing violation doctrine, a claim will be considered timely as long as one instance of the alleged, ongoing act occurred within the statute of limitations period. (See Matter of Lozada v Elmont Hook & Ladder Co. No. 1, 151 AD3d 860, 861-862 [2d Dept 2017][discussing the doctrine of continuing violation in the context of a hostile work environment sexual harassment claim].) In the Court of Claims, this doctrine can operate in two ways. First, since in the Court of Claims either a notice of intention to file a negligence claim or a claim must be filed and served within 90 days of the accrual of a claim (Court of Claims Act § 10 [3]) and a claim like this accrues "when all of the elements of the tort could be truthfully alleged" (Sapienza v Notaro, 172 AD3d 1418, 1420 [2d Dept 2019]) and "when damages are reasonably ascertainable" (Mills v City Univ. of NY, 167 AD3d 442, 442 [1st Dept 2018] [citations omitted]), the continuing violation doctrine essentially revives the statute of limitations with each wrongful act. So, here for example, if Mr. Goding had alleged that the first instance of an unauthorized, abusive strip frisk and cell search occurred on October 16, 2022 and then he experienced a campaign of repeated abusive strip frisks and cell searches through March 22, 2024, he would not be precluded from bringing his claim on May 17, 2024 because the first time the strip frisk/cell search happened, i.e., when it first accrued, was in 2022. The second way the continuing violation doctrine can operate in the Court of Claims is by permitting the entire course of conduct — from 2022 through 2024 — to be considered in determining liability and damages.
Here, however, Mr. Goding alleged experiencing only one occurrence of unlawful conduct — on October 16, 2022. The incidents alleged in the claim to have occurred within the statutory period — that is, within 90 days of the claim - did not, as presented in the claim, happen to Mr. Goding. The Court appreciates that the claim describes an ongoing campaign of unlawful conduct by the defendant against claimants and others incarcerated at Sing Sing Correctional Facility. However, in considering the argument that Mr. Breazil's timely claim should toll the statute of limitations for Mr. Goding's untimely claim, the Court finds that the continuing violation doctrine cannot be applied in this way.
The Court reaches this conclusion for two reasons. First, applying the continuing violation doctrine in this way is entirely inconsistent with the purposes served by statutes of limitations and would render filing deadlines meaningless. Accepting this argument would mean that an otherwise expired claim could be filed ad infinitum. Statutes of limitations are intended to force a plaintiff or claimant to bring a claim within a reasonable time, as defined by the Legislature, so that a defendant will have timely notice of the claim, and so that untimely claims and the uncertainty they generate will be prevented. (See New York Pub. Interest Research Groups v Levitt, 62 AD2d 1074, 1075 [3d Dept 1978].) Therefore, the Court must reject this argument.
Second, as discussed below regarding claimants' request to certify the class, the Court finds that the same reasoning applicable there is likewise relevant here. Court of Claims Act § 10, like Court of Claims Act § 11, is jurisdictional in nature and requires strict compliance to bring a claim against the State. And, as in a class action, every claimant must satisfy all the jurisdictional requirements. That includes timely filing the claim. Mr. Goding's individual claim was filed on May 17, 2024, 579 days after it accrued — well past the 90-day filing deadline — and the defendant has timely moved to dismiss the claim on this ground. The Court therefore finds [*5]that Mr. Goding's claim is untimely and must be dismissed.[FN6]

Turning to claimants' cross-motions to certify the class, while class claims are, in principle, cognizable in the Court of Claims, what is permitted is perhaps better understood as a multiparty claim. A typical class-action claim is brought on behalf of known and unknown parties. (Chavez v Occidental Chem. Corp., 35 NY3d 492, 511 [2020][Rivera, J., dissenting in part] rearg denied 36 NY3d 962 [2021] ["A class action allows a named plaintiff to commence a suit as a representative of the known and unknown members of a putative class."].) However, in the Court of Claims, in order to satisfy the pleading requirements set out in Section 11 (b), each member of the class must be named in a claim and the claim must satisfy all the jurisdictional requirements for each claimant. (Weaver v State of New York, 82 AD3d 878, 879 [2d Dept 2011].) Here, the claim identifies five named claimants and "approximately 1500 incarcerated individuals" who are similarly situated. Because the 1500 similarly situated individuals have not been named, and have not identified the time when, place where, and provided sufficient details as to the nature of their claims, the Court must deny the motion seeking class certification pursuant to CPLR Art. 9.
Finally, the claimants' cross-motions to amend and correct the pleadings are denied. Having carefully reviewed the "Corrected and New Pleadings" in claimants' cross-motions, the Court finds that the amendments claimants wish to make are related almost exclusively to the prerequisites for bringing the claim as a class action. Having denied the motions seeking class certification on other grounds, it is unnecessary to address the amendments and they are therefore denied as moot. To the extent that amendments seek to correct jurisdictional defects in the claims, it is well settled that a jurisdictionally defective claim cannot be cured by amendment. (Sacher v State of New York, 211 AD3d 867, 870 [2d Dept 2022]; see Correa v State of New York, 208 AD3d 847, 849 [2d Dept 2022]; Nasir v State of New York, 41 AD3d 677, 677 [2d Dept 2007].) To the extent that the amendments raise federal constitutional claims, the Court is without jurisdiction over those claims. (Lyles v State of New York, 2 AD3d 694, 696 [2d Dept 2003] affd on other grounds 3 NY3d 396, 399 [2004].)
In light of the above, it is
ORDERED, that defendant's motions to dismiss (M-101301, M-101033, and M-101034) are granted and claims numbered 142157, 142170, and 142207 are dismissed without prejudice; and it is further
ORDERED, that defendant's motion to dismiss claim numbered 142158 (M-101032) is denied and defendant shall answer the claim within 40 days of the filing of this decision and order; and it is further
ORDERED, that claimants' cross motions to amend their claims (CM-101521, CM-101522, CM-101523, and CM-101524) are denied; and it is further
ORDERED, that the caption is amended to accurately reflect the Court's decision and order. Going forward, Mr. Breazil and the defendant shall use the following caption:
STATE OF NEW YORK    COURT OF CLAIMS
SHYTUAN BREAZIL,
Claimant,
-v-        Claim No. 142158
THE STATE OF NEW YORK,
Defendant.
February 10, 2025
New York, New York
SETH M. MARNIN
Judge of the Court of Claims
In rendering this decision and order, the Court read and considered the following papers:
1. Notice of motion to dismiss claims 142157, 142158, 142170, and 142207 filed on July 1, 2024;
2. Affirmation in support of motion to dismiss by Dorothy M. Keogh, Assistant Attorney General affirmed on June 25, 2024 along with exhibits A and B;
3. Responses to defendant's motion to dismiss claim and claimant's cross motion for class action certification pursuant to CPLR Article 9 and to amend and correct the pleading pursuant to CPLR 3024 and 3109 by Emil Goding sworn to on October 17, 2024;
4. Memorandum in support of response to defendant's motion to dismiss claim nos. 142157, 142158, 142170, and 142207 by Emil Goding sworn to on October 17, 2024;
5. Affirmation in opposition to cross motion CM-101521 regarding claim no. 142158 by Dorothy M. Keogh, Assistant Attorney General affirmed on November 21, 2024;
6. Affirmation in opposition to cross motion CM-101524 regarding claim no. 142157 by Dorothy M. Keogh, Assistant Attorney General affirmed on November 21, 2024;
7. Affirmation in opposition to cross motion CM-101523 regarding claim no. 142207 by Dorothy M. Keogh, Assistant Attorney General affirmed on November 21, 2024
8. Affirmation in opposition to cross motion CM-101522 regarding claim no. 142170 by Dorothy M. Keogh, Assistant Attorney General affirmed on November 21, 2024; and
9. Claim nos. 142157, 142158, 142170, and 142207.

Footnotes

Footnote 1: Daneel Edwards neither filed a claim with the Court nor served a claim on the defendant.

Footnote 2: Although defendant's arguments are premature in its motion since claimants had not yet moved for class certification, the Court will accept defendant's arguments as a response to claimants' cross-motions for class certification.

Footnote 3: The first page of the claim is identified as "Page 2." To avoid confusion, citations to the claim will use the page number printed on the page.

Footnote 4: Even if claimants' cross-motion to amend the claim added the date and year these claims accrued, which it did not, the Court would still be required to dismiss their claims. A defective claim cannot be cured by a motion to amend. (Sacher v State of New York, 211 AD3d 867, 870 [2d Dept 2022].)

Footnote 5: The State insists that the allegations raised in Mr. Breazil's claim "comport[] with Directive 4910, annexed hereto[] as Exhibit B." (Affirmation of defendant's counsel at 32, ¶ 102.) Exhibit B is a version of Directive 4910 that was issued on December 2, 2020. However, the Court is aware that subsequent versions of this directive have been issued since 2020 and therefore this was not the directive in effect at the time of the alleged incident. The Court can therefore not accept the State's representations that the alleged conduct comported with the directive.

Footnote 6: Nothing in this decision precludes Mr. Goding from seeking relief pursuant to Court of Claims Act § 10 (6) for his negligence claims.